Hooper, Plaintiff, vs. O. M. Corwin Company and another, Defendants.   [Two appeals.]

*April 30—June 4, 1929.*

140

The cause was submitted for the plaintiff on the briefs

of *J. C. Thompson* of Oshkosh, and for the defendants on those of *Bird, Smith, Okoneski & Puchner* of Wausau and *J. F. Horn* of Minneapolis.

FOWLER, J.   The defendants claim that the express contract alleged is not proven, and that in such case there could be recovery only upon amendment of the complaint to allege in *quantum meruit* and proof of the value of the plaintiff's services; and that as there was no proof of such value there can be no recovery.

The fact that the "ultimatum" was prepared and submitted by plaintiff at the request of the Corwin Company and that plaintiff expended money in so doing forms a good consideration for the contract alleged, if it was in fact made. *Silverthorn v. Wylie,* 96 Wis. 69, 71 N. W. 107.   A contract is made by an offer and its acceptance.   The plaintiff's suggestion to split the premium 50–50 with the holders of the second-mortgage bonds was in effect an offer to accept one half the premium for his past services in preparing and submitting the "ultimatum" and his future services in assisting in procuring its acceptance.   Assent to an offer may be express or implied; it may be expressed or evidenced by circumstances.   It has been held that unreasonable delay in rejecting an offer amounts to an acceptance.   *Cole-McIntyre-Norfleet Co. v. Holloway,* 141 Tenn. 680, 214 S. W. 817; *Acme Harvester Co. v. Axtell,* 5 N. Dak. 315, 65 N. W. 680.   Acceptance may be inferred from the acts and conduct of the promisor.   *Thompson v. Artrip,* 131 Va. 347, 108 S. E. 850; *McLaughlin v. Lagers,* 99 Okla. 155, 225 Pac. 920. Where one voluntarily accepts and avails himself of the benefit of services when he has the option to accept or reject them, a promise to pay for them may be inferred; and standing by and seeing services performed which will accrue to one's benefit, knowing that they are performed in expectation that they will be paid for at a given rate, may fairly

be treated as evidence of an agreement to pay for them at that rate. *Day v. Caton*, 119 Mass. 513. Silent acquiescence in plaintiff's version of an offer by accepting for several months services rendered in accordance with that version, is as effectual to bind the defendant as an express acceptance. *Manufacturers & M. I. Bureau v. Everwear H. Co.* 152 Wis. 73, 138 N. W. 624; *Hooker v. Hyde,* 61 Wis. 204, 21 N. W. 52. Upon these principles we are of the opinion that the trial judge was justified in inferring from the correspondence and the conduct of the parties that the defendants accepted plaintiff's proposition to divide the premium, and that it was tacitly agreed and understood between them that in case a sale to the second-mortgage bondholders was effected one half the amount received over principal and interest should be paid to plaintiff for his services. We are also of the opinion that the court properly considered the plaintiff's statement of the amount paid over principal and interest as the amount to be divided, rather than the amount stated by Horn as the sum received above the sum paid to the bondholders. As this sum included the attorney fees included in the judgment, which the plaintiff has already received, he is not entitled to recover again any part of such fees. And as the $431.05 has been refunded to the Oneida Company by the Dickey Company, it did not enrich the Dickey Company and the plaintiff has no claim for a part of it. How the $23.50 discrepancy got into plaintiff's statement of the excess of the payment over principal and interest on the bonds does not appear, but it does not appear that any part of the payment other than the $2,000 can properly be considered as premium, and the judgment should stand for $1,000 and interest as rendered.

Taking up the contentions of plaintiff upon his appeal, the claim that $4,655.26 instead of $2,454.49 is the amount of the premium to be divided has already been considered. There remains for consideration whether the plaintiff is en-

titled to judgment against the Dickey Company. That the Corwin Company was agent for the Dickey Company for handling and collecting the mortgage debt involved is plain. Ordinarily where the agency is disclosed, a plaintiff entitled to recover is entitled to recover against the principal, but not the agent. 2 Corp. Jur. p. 812, § 486. The agent is only liable where there is clear and explicit evidence of an intention to substitute or superadd his liability. Id. § 487. Here the Corwin Company considered itself bound if any one was, and that it intended to be liable; if any one was, is plain enough. It is not seeking to escape liability on the ground of agency. In this situation it is held that both are bound,— the Corwin Company on the ground that such was its intention and the Dickey Company on the ground that the Corwin Company was its agent. The cases found involving the point of liability of principal and agent, with one exception, go to the point which is liable, principal or agent. Liability is only claimed against one. *McAlexander v. Lee,* 3 A. K. Marsh. (Ky.) 483, however, holds both liable for the reason above given. In view of the interrelation of the two companies, amounting in fact to almost if not quite complete identity, it is particularly fitting to rule as stated and hold both liable and give to the plaintiff the opportunity to satisfy his claim from the Dickey Company if the Corwin Company is financially irresponsible, as plaintiff appears to fear is the case.

*By the Court.*—The judgment is affirmed on the Corwin Company's appeal and reversed on the plaintiff's appeal as to the Dickey Company.