Neitzke, Plaintiff and Respondent, vs. Industrial Commission and others,. Defendants; Liberty Mutual Insurance Company, Defendant and Appellant, Kraft and others, Defendants and Respondents.

*March 9—June 20, 1932.*

For the appellant there were briefs by *Otjen & Otjen* of Milwaukee, and oral argument by *C. J. Otjen.*

For the respondent Otto Neitzke there was a brief by *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *C. B. Bird.*

For the respondents Kraft and others there was a brief by *North, Parker, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *F. N. Trowbridge.*

The following opinion was filed April 5, 1932:

FAIRCHILD, J.   Otto Neitzke was a member of a firm of carpenter contractors who had entered into an agreement with the Northeastern Boiler & Welding Company to build scaffolding necessary in the erection of a smokestack in the building of which the Boiler Company was engaged.   It developed that it was to the convenience of both the Boiler Company and the Neitzke firm that at times Neitzke work as an employee on the smokestack under the direction and control of the Boiler Company.   There was in effect an exchange of work under an arrangement which provided that while Neitzke was working on the smokestack he was under the control of the Boiler Company.   While so working he sustained the injury for which he made application for compensation.   The defendant insurance company being the insurer of the Boiler Company's compensation liability raises the question as to whether or not he was actually such an employee as would be entitled to compensation.   It urges that because Neitzke had a contract to do the scaffolding work on time-and-material basis he was an independent

contractor and therefore not in the service of the Boiler Company as to the scaffolding work, and also not in their service as to any other work he did in connection with the contract. There was no definite charge to be made by one crew against the other for the assistance occasionally rendered. But it was definitely understood that when Neitzke was assisting in the work of erecting the stack as distinguished from building the scaffolding, he was under the direction and control of the Boiler Company as to details and movements. While Neitzke's firm carried insurance for its employees the policy did not cover Neitzke and his partner as individuals, they having withdrawn from the compensation act so far as their insurer was concerned. Neitzke, as was said, made application to the Industrial Commission for compensation as an employee of the Boiler Company.

The relation of employer and employee exists where one, performing work for another, does so under a contract express or implied which compels the one performing to do work under the control of the employer and at the same time gives to the employer the right to direct the other's conduct, to dismiss him from the service, and to have at all times authoritative control over the work. That Neitzke consented to enter into the employer-employee relationship with the Boiler Company is claimed by him and conceded by the company. The facts recited above certainly furnish reason for their common understanding of the situation. It must be conceded that a variation in cases concededly close has resulted from an application of the general principles governing the creation of the relation of employer and employee. Nevertheless when a relationship is established between two, under which, in order to maintain the relationship, one is subject to the direction of the other, such other having the responsibility and right of control of the work,

the one is an employee and the other an employer. *Cayll v. Waukesha G. & E. Co.* 172 Wis. 554, 179 N. W. 771; *Spodick v. Nash Motors Co.* 203 Wis. 211, 232 N. W. 870; *Milwaukee Toy Co. v. Industrial Comm.* 203 Wis. 493, 234 N. W. 748; *Seaman Body Corp. v. Industrial Comm.* 204 Wis. 157, 235 N. W. 433. The duration of time of employment is not a controlling factor nor is an agreed rate of wages necessary to the establishment of the relationship. *Johnson v. Wisconsin L. & S. Co.* 203 Wis. 304, 234 N. W. 506. Just before the injury to Neitzke he had been directed by the representative of the Boiler Company to bore holes in a post to be used in fastening guy lines. He had been engaged at this for about half an hour when he was asked to tighten the guy line. In doing this, because the line came in contact with an electric wire, he was badly burned.

While Neitzke and his partner took a contract to build the scaffolding they also undertook to work for the Boiler Company at certain times, and it was while doing this additional work, entirely disconnected from the scaffolding work, that Neitzke was injured. At the time Neitzke was a helper of the other employees of the Boiler Company in stringing a guy wire. A man may during one hour be in the position of an independent contractor and the next half hour be an employee of some one else.

The learned circuit judge found that "on the morning in question the testimony indicates Kraft of the Boiler Company put Neitzke at work boring holes for the guy lines, a work which it seems had nothing to do with the scaffolding work; that in doing this work he got orders from the Boiler Company through its men; that at this time Vieux of the Boiler Company called out to Neitzke, 'Wait a minute; help on the guy lines,' as he had done before; that when this work was being done iron workers acted as boss; that in this particular work at this time the Boiler Company's man

had charge of the guy-line work and bossed Neitzke and his men."

We conclude as did the trial court that the only reasonable inference to be drawn from the testimony is that while on the scaffolding work Neitzke controlled, but on the other work he took orders from the Boiler Company, and was performing their work under an agreement so to do at the time of his injury. He in this consented to work for the Boiler Company; he performed the Boiler Company's work under their control and direction and for their benefit. This brings the case within the rule recognized in *Cayll v. Waukesha G. & E. Co., supra; Spodick v. Nash Motors Co., supra,* and *Seaman Body Corp. v. Industrial Comm., supra.*

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on June 20, 1932.