Koski, Appellant, vs. Industrial Commission and another, Respondents.

*October 13—November 7, 1939.*

For the appellant there was a brief by *Padway, Goldberg & Tarrell* of Milwaukee, and oral argument by *L. A. Tarrell.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Montreal Mining Company there was a brief by *Reid & Reid* of Hurley and *Quarles, Spence & Quarles* of Milwaukee, attorneys, and *Kenneth P. Grubb* and *Howard T. Foulkes* of Milwaukee of counsel, and oral argument by *Mr. Grubb.*

FAIRCHILD, J.   The appellant does not stand in the relation of employee to the respondent Montreal Mining Company. The determination of the Industrial Commission that there is an absence of any contract of employment between complainant and the company, either express or implied, is sustained by the evidence as ruled by the circuit court.

The plaintiff, her husband, and their children lived in the house for some sixteen years. The lease contained no provision that the company would keep the house in repair, but the company had a regularly employed crew of painters, who every so often and in rotation painted the houses leased by the company. Because of a christening ceremony which was to occur, plaintiff desired the painting of a room. She applied to the company, and was told that under the rule followed by the company it was not yet time for the redecorating of that house. But, upon her insisting that the room be painted, the company acceded to a proposition made by Mrs. Koski that paint be furnished for that room by the company and be applied by some member of her family. It appears that on August 3, 1936, while painting the room Mrs. Koski fell and sustained injuries.

An examination of the record shows the complete lack of any testimony suggesting any contractual obligation either giving the Montreal Mining Company the right to direct Mrs. Koski's conduct or giving any control to the company over the painting. The company had no authoritative control over the matter. *Neitzke v. Industrial Comm.* 208 Wis. 301, 242 N. W. 163; *Lincoln County v. Industrial Comm.* 228 Wis. 126, 279 N. W. 632; *Werner v. Industrial Comm.* 212 Wis. 76, 248 N. W. 793.

The most that can be said is that the company on the request of Mrs. Koski furnished paint which she was to use when and as she saw fit. Under the circumstances the arrangement cannot be fashioned by any stretch of the imagination into any express contract under which Mrs. Koski was hired to perform services for the mining company, nor does an implied contract for services exist. *Shulse v. Mayville,* 223 Wis. 624, 271 N. W. 643; *Hooper v. O. M. Corwin Co.* 199 Wis. 139, 225 N. W. 822; *Rice Lake Golf Club, Inc., v. Industrial Comm.* 215 Wis. 284, 287, 254 N. W. 530. There was no offer to perform services for the company and no conduct on the part of the company amounting to an acceptance of that offer. There was no conduct from which a reasonable person in the position of Mrs. Koski would be justified in inferring a promise on the part of the company in return for her proposed act. 1 Williston, Contracts (Rev. ed.), p. 93, § 36; *Rice Lake Golf Club, Inc., v. Industrial Comm., supra.* "The relation of employer and employee does not arise as a result of benefits conferred. There must be either expressly or by implication a contract of hire."

*By the Court.*—Judgment affirmed.