VILLAGE OF PRENTICE and another, Appellants, v. DE-
PARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS
and others, Respondents.*

*January 30—February 27, 1968.*

* Motion for rehearing denied, with costs, on May 7, 1968.

220

For the appellants there was a brief by *Jenswold, Studt, Hanson, Clark & Kaufmann* of Madison, and oral argument by *John F. Jenswold.*

For the respondent Department of Industry, Labor & Human Relations the cause was argued by *James P. Altman,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the respondents Boho and Geng there was a brief by *DeBardeleben & Donlin* of Park Falls, and oral argument by *Arthur DeBardeleben.*

WILKIE, J. The sole issue on this appeal is whether Boho and Geng were employees for workmen's compensation purposes at the time they sustained their injuries. This determination is a question of law if the facts are undisputed and if but one, if any, inference may reasonably be drawn from the evidence before the commission.[1] On the other hand, it is well settled that "when facts are not in dispute but permit the drawing of different inferences therefrom, the drawing of one of such permissible inferences by the commission is an act of fact

---

[1] *Neese v. State Medical Society* (1967), 36 Wis. 2d 497, 503, 153 N. W. 2d 552.

finding, and the inference so derived constitutes a finding of an ultimate fact and not a conclusion of law." [2] Thus the narrow question in the instant case is whether or not, in reaching its determinations that Boho and Geng were employees, the commission selected from competing but permissible inferences which could reasonably be drawn from the facts as found by the commission.

The appellant argues that the only reasonable inference that can be drawn from the facts is that the village did not have the right to control the details of the work performed by Boho and Geng. Respondents contend that the facts reasonably permitted the other inference that the village did have such right of control. We agree with respondents. The commission in finding Kalander "had the right to direct and control the details of his [Boho's and Geng's] work" chose between inferences and was engaged in fact finding in arriving at its determination. The details of the work involved here were unsophisticated and did not necessitate elaborate explanation. Neither Boho nor Geng were Michelangelos commissioned to paint frescoes on the Sistine chapel. They were engaged to lay sewer pipe. Kalander directed the men to start laying the sewer pipe in the trench. He told them to work on the bottom of the trench and call for anything they needed. He specifically directed them to lay the pipe on a grade which equaled five inches for every 100 feet. This testimony permitted an inference that Kalander had a right to control the details of the job. Kalander's status as the village's general maintenance man indicates that he could have controlled other details of the work if they had arisen. As this court said in *Employers Mut. Liability Ins. Co. v. Industrial Comm.:* [3]

---

[2] *Gant v. Industrial Comm.* (1953), 263 Wis. 64, 69, 56 N. W. 2d 525. *See also Harry Crow & Son, Inc., v. Industrial Comm.* (1963), 18 Wis. 2d 436, 440, 118 N. W. 2d 841; *Neese, supra,* footnote 1, at page 503.

[3] (1939), 230 Wis. 670, 676, 677, 284 N. W. 548.

"It is quite immaterial whether the right to control is exercised by the master so long as he has the right to exercise such control. *Ronning v. Industrial Comm.* 185 Wis. 384, 200 N. W. 652; *C. R. Meyer & Sons Co. v. Grady*, 194 Wis. 615, 217 N. W. 408; *Habrich v. Industrial Comm.* 200 Wis. 248, 227 N. W. 877; *Allaby v. Industrial Comm.* 200 Wis. 611, 229 N. W. 193. See also *Gomber v. Industrial Comm.* 219 Wis. 91, 261 N. W. 409; *Tiffany v. Industrial Comm.* 225 Wis. 187, 273 N. W. 519."

Thus, we conclude that the commission was engaged in fact finding when it made its determination supported by credible evidence and a reasonable inference drawn therefrom that the village had the right to control the details of the work of the two applicants. In making this finding the commission satisfied the principal test for determining if an employer-employee relationship existed. In *Ace Refrigeration & Heating Co. v. Industrial Comm.*[4] we recently discussed the several tests to be used in ascertaining whether such relationship exists. We said:

"We stated in *Scholz v. Industrial Comm.* (1954), 267 Wis. 31, 64 N. W. (2d) 204, 65 N. W. (2d) 1, the principal or primary test for determining if an employer-employee relationship exists is whether the alleged employer has a right to control the details of the work. We have also pointed out there are subsidiary and secondary tests which should also be considered, among which are: (1) The direct evidence of the exercise of the right to control; (2) the method of payment of compensation; (3) the furnishing of equipment or tools for the performance of the work; and (4) the right to fire, or terminate the relationship. *Green Valley Co-op. Dairy Co. v. Industrial Comm.* (1947), 250 Wis. 502, 27 N. W. (2d) 454; *Kolman v. Industrial Comm.* (1935), 219 Wis. 139, 262 N. W. 622; *St. Mary's Congregation v. Industrial Comm.* (1953), 265 Wis. 525, 62 N. W. (2d) 19. See 1 Larson, Law of Workmen's Compensation, p. 636, sec. 44.00. These tests are subsidiary in the sense they rest on evidentiary facts and support the primary test."[5]

[4] (1966), 32 Wis. 2d 311, 145 N. W. 2d 777.

[5] *Id.* at page 315.

One of the subsidiary tests mentioned in *Ace Refrigeration* is the method of compensation. As stated in *C. R. Meyer & Sons Co. v. Grady*,[6]

". . . One of the usual and ordinary tests . . . which stamps one engaged in performing work an employee rather than an independent contractor, is the fact that wages are paid, and that upon an hourly, daily, or weekly basis."

The two applicants expected to be paid $2 an hour. They were carried on the village payroll. Tax deductions were paid by the village before the checks were issued. From this evidence the commission could reasonably find that the applicants were hired at the hourly rate, a finding that is consistent with its ultimate finding that the village had the right to control the details of the work and with the commission's conclusion that the applicants were employees.[7]

Appellant places great emphasis on the newspaper advertisement. Appellant states that "The clear and unavoidable import of this advertisement was to inform the public that respondents were skilled and knowledgeable and capable of performing many various and specialized types of crafts or trades." Appellant argues that the advertisement proves that Boho was an independent contractor. To the contrary, a permissible inference that could be drawn from the advertisement was that Boho was a common laborer looking for any kind of work. The commission took this view.

Under all the circumstances it was reasonable for the commission to conclude that Boho and Geng were common laborers seeking any type of work and were working under the control of the village when they sustained their injuries. The commission applied the proper tests in

[6] (1928), 194 Wis. 615, 623, 217 N. W. 408.

[7] *Ace Refrigeration & Heating Co. v. Industrial Comm.*, *supra*, footnote 4, at page 315, and cases cited therein.

ascertaining whether an employee-employer relationship existed at the time and its findings of fact in connection therewith are supported by the evidence and reasonable inferences drawn therefrom. Thus, their determinations are conclusive on this court.

*By the Court.*—Judgments affirmed.