KRESS PACKING COMPANY, INC., and another, Respondents, v. KOTTWITZ, Appellant: DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, Defendant.

*No. 184. Argued October 29, 1973.—Decided November 27, 1973.*
(Also reported in 212 N. W. 2d 97.)

For appellant Reuben Kottwitz there were briefs by *Wickhem, Consigny, Sedor, Andrews & Hemming, S. C.,* of Janesville, and oral argument by *John C. Wickhem.*

For the respondents there was a brief by *Axley, Brynelson, Herrick & Gehl* of Madison, and oral argument by *Eugene O. Gehl.*

HALLOWS, C. J. The only issue on this appeal is whether Kottwitz was an employee of Kress at the time of the accident for workmen's compensation purposes. Whether Kottwitz was an employee is a question of law to be determined by the application of well-defined rules to the facts. *Ace Refrigeration & Heating Co. v. Industrial Comm.* (1966), 32 Wis. 2d 311, 315, 145 N. W. 2d 777. This view was expounded in *Duvick v. Industrial Comm.* (1963), 22 Wis. 2d 155, 162, 125 N. W. 2d 356; *Harry Crow & Son, Inc. v. Industrial Comm.* (1963), 18 Wis. 2d 436, 440, 118 N. W. 2d 841; and *Gant v. Industrial Comm.* (1953), 263 Wis. 64, 69, 56 N. W. 2d 525.

Kottwitz argues that the question of whether he is an employee is a question of ultimate fact which cannot be upset on appeal excepting under sec. 102.23 (1), Stats., when a commission acts without or in excess of its powers or the order or award was procured by fraud, or the findings of fact do not support the order or award. The findings of fact to withstand reversal need be supported in the record by credible evidence which is relevant and evidentiary in nature and sufficient to exclude speculation and conjecture. The evidence need not be a preponderance or the great weight. *Conley v. Industrial Comm.* (1966), 30 Wis. 2d 71, 140 N. W. 2d 210; *R. T. Madden, Inc. v. ILHR Department* (1969), 43 Wis. 2d 528, 169 N. W. 2d 73; *Phillips v. ILHR Department* (1972), 56 Wis. 2d 569, 202 N. W. 2d 249.

There seems to be some confusion, stemming from *Gant v. Industrial Comm., supra,* that when facts are undisputed and but one inference may reasonably be drawn from the evidence, only a question of law is presented. However, in some cases the evidentiary facts give rise to ultimate facts upon which the conclusion of law must rest. Likewise, when undisputed facts permit the drawing of different inferences, the drawing of one such permissible inference of fact is an act of fact finding and the inference so derived constitutes an ultimate fact upon which a conclusion of law may rest. This is all the language in the cases means. *Phillips v. ILHR Department, supra; Detter v. ILHR Department* (1968), 40 Wis. 2d 284, 287, 288, 161 N. W. 2d 873; *Prentice v. ILHR Department* (1968), 38 Wis. 2d 219, 156 N. W. 2d 482; *Neese v. State Medical Society* (1967), 36 Wis. 2d 497, 503, 504, 153 N. W. 2d 552; *Harry Crow & Son, Inc., supra,* at 440; *American Motors Corp. v. Industrial Comm.* (1957), 1 Wis. 2d 261, 264, 265, 83 N. W. 2d 714.

The ambiguity arises in stating the converse of the proposition, *i.e.,* conclusions of law arise only in situa-

tions where the facts are undisputed and but one reasonable inference can be drawn from those facts. *See Phillips v. ILHR Department, supra;* and *Detter v. ILHR Department, supra.* This untrue converse proposition has its companion—that a conclusion of law is not involved when evidentiary facts are in conflict but only an ultimate question of fact is involved. A finding of fact, ultimate or evidentiary, must still in its essential nature be a fact. A conclusion of law goes farther and accepts the facts, ultimate and evidentiary, and by judicial reasoning results from the application of rules or concepts of law to those facts, whether the facts are undisputed or not. An ultimate fact may be found as a matter of law, but such process does not change its factual nature to a conclusion of law because of the method by which it was arrived at. "As a matter of law" merely means no other factual finding could be reasonably drawn from the evidentiary facts.

The evidentiary facts in the instant case are not in dispute; some ultimate facts found are questionable. But accepting the inferences and ultimate facts drawn by the commission, we are of the opinion that they do not support a conclusion of law that Kottwitz was an employee of Kress. Under sec. 102.03 (1) (a), Stats., the liability of an employer exists only when an employee sustains an injury. In sec. 102.07 (4), an "employee" is defined as "Every person in the service of another under any contract of hire, express or implied . . . ." What this section of the statute means is a question of law.

For many years the Richwood V. F. W. Post sponsored a Memorial Day picnic on its clubhouse grounds. Kress had provided the meat for the picnic on a cost basis and for a period of about ten years the arrangements to procure the meat had usually been handled by Kottwitz. For years the V. F. W. Post requested the use of the Kress company's refrigerated truck, and in

1969 Kottwitz made arrangements for the use of the truck to keep the meat refrigerated. Kottwitz was a member of the general picnic committee and was chairman of the food stand. He contacted Robert Schaefer, manager of the Kress plant, with whom he was personally acquainted. Schaefer provided instructions as to when Kottwitz should pick up the truck and when it was to be returned, and it was specified that only Kottwitz could drive the truck.

This particular year two employees of Kress drove the truck to Richwood on their way home from Waterloo to Watertown. After the truck was delivered, Kottwitz assumed charge and parked the truck in its proper place where it remained until he returned it. During the ten-year period, the truck had been used some 30 to 40 times. Kottwitz was never paid for driving the truck and Kress provided the gas and oil; and if Kress had not furnished the truck, the post would have obtained their meat supplies elsewhere. Kress customarily provided meat for similar events sponsored by other organizations in the area but on those occasions the trucks were operated by Kress employees. Kress would have provided a driver in this case if Kottwitz had not been available. There was no express agreement between the parties by which Kottwitz had any legal duty obligating him to perform any services on behalf of Kress. There was no discussion as to employment, any contract of employment, contract for compensation or any of the general rights and duties of an employer-employee relationship. There was no duty on the part of Kottwitz to perform any acts on behalf of Kress other than to observe the limitations on the use of the truck. The evidentiary facts are such that if there is an employer-employee relationship, it cannot be implied in fact but must be concluded as a matter of law by the application of legal principles.

The examiner made a finding that if Kottwitz had not been driving the truck, Kress would have assigned one of its regular employees to do the job. But this finding has little relevancy in determining the existence of an employee-employer relationship between Kottwitz and Kress. Nor does it suggest any intention on the part of Kress to hire Kottwitz or Kottwitz to be hired by Kress. It is true that Kottwitz' driving the truck was some benefit to Kress, but it is likewise true that it was of a benefit to Kottwitz and the Veterans of Foreign Wars. But what is the significance of the mutual benefit? A benefit conferred does not necessarily point to an employee-employer relationship. Although the employee-employer relationship confers benefits both on the employer and on the employee, the fact that benefits were realized by Kress and Kottwitz and the V. F. W. does not necessarily determine that an employer-employee relationship existed. The benefit theory was rejected in *Rice Lake Golf Club, Inc. v. Industrial Comm.* (1934), 215 Wis. 284, 254 N. W. 530; *see Koski v. Industrial Comm.* (1939), 233 Wis. 1, 288 N. W. 240; *see also: Lange v. ILHR Department* (1968), 40 Wis. 2d 618, 162 N. W. 2d 645, in which it was held that as a matter of law a benefit to an alleged employer in the form of institutional advertising was not sufficient to create an employer-employee relationship.

Kottwitz stresses that Kress had the same power of control over him as he would over an employee. The control Kress exercised is consistent with a bailment or the loaning of the truck and referred to Kottwitz' use of the truck. *See* 8 Am. Jur. 2d, *Bailments,* p. 906, sec. 2 and p. 921, sec. 17; Bailor and Bailee, p. 924, sec. 19; *Bradley v. Harper* (1920), 173 Wis. 103, 180 N. W. 130. Kress did not control Kottwitz' activities at the V. F. W. picnic excepting in the care of the truck, such as the period of time the truck would be in Kottwitz'

possession, when the truck had to be returned, and the route of travel. True, these are controls consistent with employment, but such controls must point with more authority as resting upon employment than on the ownership of the truck.

The principal test for determining if an employer-employee relationship exists is stated in *Ace Refrigeration & Heating Co. v. Industrial Comm., supra,* and followed in *Prentice v. ILHR Department* (1968), 38 Wis. 2d 219, 156 N. W. 2d 482. 1A Larson, *Law of Workmen's Compensation,* p. 640, sec. 44.00; *see also: Employers Mut. Liability Ins. Co. v. ILHR Department* (1971), 52 Wis. 2d 515, 190 N. W. 2d 907. This court stated the primary test for determining the existence of an employer-employee relationship is whether the alleged employer has a right to control the details of the work; and among the secondary tests which should be considered are: (1) The direct evidence of the exercise of the right of control; (2) the method of payment of compensation; (3) the furnishing of equipment or tools for the performance of the work; and (4) the right to fire or terminate the relationship. In this case, the primary test was not satisfied. We cannot conclude that driving the truck constituted working for or working in the service of Kress although of some benefit to Kress. It was also for the benefit of the V. F. W. and Kottwitz. The evidentiary facts give rise only to certain inferences of benefits and inferences of control, but these alone in their nature, in view of other facts, are not sufficient to sustain a conclusion of employment even for workmen's compensation purposes. There is no basis in the evidentiary facts for implying an intention on the part of either Kress or Kottwitz to create a contract of employment even for one day. Kress did not seek out Kottwitz to hire him nor did Kottwitz seek out Kress to be hired; all Kottwitz wanted was the use

of the truck. The arrangement was in the nature of a loan of the truck and not an implied contract of hire, either in fact or in law.

*By the Court.*—Judgment affirmed.