DONALD E. PERCY, Secretary Department of Health and SocialServices
You have asked several questions regarding the applicability of the worker's compensation law contained in ch. 102, Stats., to elected tribal governing bodies administering relief under sec. 49.046 and sec. 49.047, Stats. You asked:
 1. Are benefits recoverable under the worker's compensation law from an elected tribal governing body or an appropriate Indian organization appointed by the Department to administer relief under s. 49.046, Wis. Stats. when recipients of relief are participating in an established work experience program as a condition of eligibility under s. 49.046, Wis. Stats.?
It is my opinion that benefits are not recoverable under the worker's compensation law in the circumstance you pose.
Section 49.046(1), Stats., provides in part: "[T] he department [of health and social services] shall grant relief to needy Indian persons not eligible for aid under s. 49.177, 49.19, 49.46
or 49.47 and residing on tax-free lands or in Menominee county, except that a person who fails to comply with s. 49.047 may be denied aid under this section." This section contemplates that the program will be administered by either an elected tribal governing body or an appropriate Indian organization appointed by the Department to administer the program. The Department, however, retains the responsibility for *Page 112 
establishing rules governing administration and is responsible for the overall supervision of the program. If any legal dispute arises regarding administration, the Department is a necessary party.
Section 49.047(3), Stats., provides: "A body appointed by the department to administer relief under s. 49.046 shall operate a work experience program authorized and sponsored by the appointed body for eligible recipients of relief under s. 49.046." Before this section was added by ch. 418, sec. 331m, Laws of 1977, the general Work Relief Program, sec. 49.05, Stats., applied to the Relief of Needy Indian Persons Program. See 41 Op. Att'y Gen. 289 (1952). In that opinion, persons involved in work relief were considered employes and therefore eligible for benefits recoverable under the worker's compensation law. When sec. 49.047, Stats., was enacted, the Work Relief Program was specifically made inapplicable to the Relief of Needy Indian Persons Program. Sec. 49.047(6), Stats.
It is my opinion that when the Legislature established the special Work Experience Program for persons receiving relief pursuant to sec. 49.046, Stats., it recognized the unique status of Indian tribes and tribe members, which status necessitated the separate Work Experience Program. By comparing sec. 49.047 and sec. 49.05, Stats., it is clear there was no legislative intent to extend worker's compensation benefits under the new Work Experience Program.
The Work Experience Program is mandatory. Sec. 49.047(4), Stats. The Work Relief Program, however, is optional. Sec. 49.05(1), Stats. The Work Experience Program is designed to "provide a useful work experience, and when possible, work training opportunities which may lead to gainful employment for the persons receiving relief under s. 49.046, Stats." Sec. 49.047(1), Stats. Clearly, the purpose of the Work Experience Program is to train persons for permanent employment similar to other on-the-job training programs. In comparison, the Work Relief Program has little, if any, training objective. Where work relief is in effect, persons entitled to relief may be required to work for the administering body rather than simply receiving relief payments. Such persons may work alongside skilled tradesmen who are regular employes. Without question, persons involved in work relief programs are paid wages for the work they perform which, in effect, are in lieu of relief payments. *Page 113 
Under the Relief of Needy Indian Persons Program, the amount of aid is determined independent of the individual's participation in a work experience program. In fact, as already indicated, the main focus of the Work Experience Program is on training under a program authorized and sponsored not by the Department but by the body appointed to administer relief under sec. 49.046, Stats.
These are only some of the differences between sec. 49.047 and sec. 49.05, Stats. In my opinion, these differences can lead to no other conclusion than that the Legislature intended to remove the Relief of Needy Indian Persons Program and the related Work Experience Program from the mandated effects of coverage under the Work Relief Program, including the worker's compensation liability provision of sec. 49.05(4), Stats.
The Legislature no doubt also was aware of the jurisdictional problems inherent in tribal-state relations. Had the Legislature intended to extend worker's compensation benefits to persons involved in a work experience program under sec. 49.047, Stats., they no doubt would have specifically made provision for the reimbursement of costs associated with the administration and payment of worker's compensation benefits by a body appointed by the Department to administer relief under sec. 49.046, Stats. There, of course, is nothing in sec. 49.046 or sec. 49.047, Stats., to support an inference of legislative intent to require, by contract or otherwise, an elected tribal governing body or other administrative body to incur such costs. This is in stark contrast to sec. 49.05(4), Stats., which specifically makes municipalities or counties liable to persons granted work relief for worker's compensation benefits.
You have also asked:
 2. Are benefits recoverable under the worker's compensation law from the Department of Health and Social Services when recipients of relief are participating in an established work experience program as a condition of eligibility under s. 49.046, Wis. Stats.?
In 41 Op. Att'y Gen. 289, 293 (1952), it is stated:
 From the foregoing cases, it is apparent that there must be at least two prerequisites before a person engaged upon work relief *Page 114 
may recover benefits under the workmen's compensation law: (1) the project must be duly authorized; and (2) there must be either an express contract of hire, or circumstances from which such a contract may be implied.
That opinion makes it clear that a work project must be duly authorized by the body administering a work relief program. Thus, assuming for the sake of discussion that the Work Experience Program can be considered equivalent to work relief under sec. 49.05, Stats., it, nevertheless, is clear from the legislation that the Department is not involved in the authorization of any particular work project that may be part of a work experience program. It is the administering body and not the Department that must authorize and sponsor the work experience program.
Also, it is clear that there is no employer-employe relationship between the Department and the persons who participate in a work experience program in order to remain eligible for aid under sec. 49.046, Stats. As 41 Op. Att'y Gen. 289 (1952) concludes, liability for worker's compensation does not arise out of the mere furnishing of relief, but out of the relationship which ensues between the agency administering relief and the recipient.
In Kress Packing Co. v. Kottwitz, 61 Wis.2d 175, 212 N.W.2d 97
(1973), the court identified a number of criteria utilized in determining whether there is an employer-employe relationship. The principal criterion is whether the employer has a right to control details of the work done. Secondary criteria are "(1) The direct evidence of the exercise of the right of control; (2) the method of payment of compensation; (3) the furnishing of equipment or tools for the performance of the work; and (4) the right to fire or terminate the relationship." Id. at 182.
Under sec. 49.047, Stats., it is the agency appointed by the Department of Health and Social Services, and not the Department itself, which actually controls any work that may be involved in a work experience program. As already indicated, benefits under sec. 49.046, Stats., are determined independent of sec. 49.047, Stats. Although benefits may be denied to persons who choose not to participate in a work experience program, the Department has no *Page 115 
involvement in any decision to terminate the relationship between, for example, a tribal governing body and a person receiving benefits under sec. 49.046, Stats.
Since neither prerequisite is met, it is my opinion that, assuming for the sake of discussion worker's compensation applies to the Work Experience Program, the Department is not liable for any benefits for persons receiving aid pursuant to sec. 49.046, Stats.
In your final question, you asked:
 3. If the elected tribal governing body, the appropriate Indian organization appointed by the Department, or the Department of Health and Social Services are liable for benefits recoverable under the worker's compensation law, what is the limitation of the liability, particularly when eligibility for relief under s. 49.046, Wis. Stats. continues to exist?
In view of the answers to your first two questions, your third question need not be considered.
BCL:JDN