ACUITY INSURANCE COMPANY, Plaintiff-Appellant,†

CARR BUILDERS INCORPORATED, Involuntary-Plaintiff,

v.

David WHITTINGHAM, Carr Builders Incorporated
and Labor & Industry Review Commission,
Defendants-Respondents.

Court of Appeals

*No. 2006AP2379. Submitted on briefs May 9, 2007.*
*—Decided August 29, 2007.*

2007 WI App 210

(Also reported in 740 N.W.2d 154.)

† Petition to review denied 1/22/08.

614

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Richard T. Mueller* of *Mueller, Goss & Possi, S.C.* of Milwaukee.

On behalf of the defendant-respondent David Whittingham, the cause was submitted on the brief of *Robert T. Ward* of *Ward Law Firm* of Waukesha.

On behalf of the defendant-respondent Labor & Industry Review Commission, the cause was submitted on the brief of *Peggy A. Lautenschlager,* attorney general, and *R. Duane Harlow,* assistant attorney general.

Before Brown, C.J., Nettesheim and Snyder, JJ.

¶ 1. BROWN, C.J. This is an appeal of a worker's compensation award. David Whittingham was severely injured while performing services for Carr Builders. Acuity Insurance Company, Carr's worker's compensation carrier, disputed Whittingham's claim, arguing that although Whittingham was working for Carr at the time of his fall, he was not Carr's statutory "employee" because he also runs a small business that renders him an "employer" under the statute. The Labor and Industry Review Commission, while acknowledging that Whittingham was an employer with respect to his business, found that Whittingham's work for Carr did not involve his business, and thus he was not an employer in his work for Carr. Acuity appeals, arguing that Whittingham and his sole proprietorship are indistinguishable, that Whittingham engaged his business to work for Carr, and that the statute does not permit a person to function as an employer in one context and an employee in another.

¶ 2. We hold that the statute, while stating that an employer is not an employee, does not preclude the Commission from recognizing a distinction between a worker and the side business that the worker runs. Moreover, we find in the record substantial and credible evidence supporting the Commission's finding that Carr Builders hired Whittingham as an individual, and not as an employer, to do carpentry work. As such, we affirm.

¶ 3. Whittingham worked intermittently for Carr Builders, Inc., which remodels and builds homes, between 1998 and 2003. Carr Builders' owner, Richard Carr, testified that he hired Whittingham as an individual to perform general carpentry work. Whittingham did not bring employees with him to work for Carr,

and Carr testified that he would probably not have permitted him to. Whittingham never participated in "contractor type duties" for Carr such as obtaining or bidding on jobs, meeting with customers, obtaining permits, securing payment, or paying subcontractors. Whittingham was paid by the hour, rather than on a commission or per-job basis.

¶ 4. Whittingham was also the sole proprietor of a carpentry business called Woodland Builders. Whittingham performed the same functions for Woodland that Richard Carr performed for Carr Builders, and he occasionally hired workers to assist him on some jobs.

¶ 5. In December 2003, while Whittingham was working for Carr Builders, the scaffolding on which he was standing collapsed. Whittingham suffered a severe injury that has prevented him from returning to work as a carpenter. Acuity conceded the injury and that it was on the risk. It nevertheless argued before the administrative law judge that Whittingham was not eligible for worker's compensation because he was not Carr Builders' employee. Acuity gave three reasons for this claim. First, it contended that Whittingham was an independent contractor ineligible for employee status under Wis. Stat. § 102.07(8)(b) (2005–06).[1] Second, it argued that Whittingham was a temporary help agency under Wis. Stat. § 102.01(2)(f). The ALJ rejected both of these claims and Acuity has not maintained them on appeal.

¶ 6. Acuity's third argument was that Whittingham, as sole proprietor of Woodland Builders, paid his occasional workers enough to make him an employer

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

under WIS. STAT. § 102.04(1)(b)2.[2] Thus, under WIS. STAT. § 102.07(8m), Whittingham was ineligible to be an employee of Carr Builders. That statute reads:

> An employer who is subject to this chapter is not an employee of another employer for whom the first employer performs work or service in the course of the other employer's trade, business, profession or occupation.

The ALJ agreed with Acuity's argument, finding that "Applicant Whittingham d/b/a/ Woodland Builders was an employer under § 102.07(8m) . . . and thus he is precluded from being an employee of Respondent Carr."

¶ 7. Whittingham, Carr Builders and Acuity each challenged aspects of the ALJ's decision before the Commission, and the Commission reversed in part. It agreed with the ALJ that Whittingham was neither an independent contractor nor a temporary help agency, but it also held that WIS. STAT. § 102.07(8m) did not prevent Whittingham from being Carr Builders' employee because he did not act as an employer in his work for Carr. Acuity appealed the Commission's decision to the circuit court, which affirmed, and now appeals to this court.

¶ 8. In a worker's compensation appeal, we review the Commission's factual findings and legal conclusions, not those of the circuit court. *Epic Staff Mgmt., Inc. v. LIRC*, 2003 WI App 143, ¶ 13, 266 Wis. 2d 369,

---

[2] WIS. STAT. § 102.04(1)(b)2. extends the definition of "employer" to "[e]very person who usually employs less than 3 employees, provided the person has paid wages of $500 or more in any calendar quarter for services performed in this state." It is uncontested that Whittingham, through Woodland Builders, paid at least one employee more than $500 in a quarter.

667 N.W.2d 765. We must uphold the Commission's findings of fact so long as they are supported by substantial and credible evidence. *Michels Pipeline Const., Inc. v. LIRC*, 197 Wis. 2d 927, 931, 541 N.W.2d 241 (Ct. App. 1995). The application of the worker's compensation statute to the facts as found presents a question of law. *See id.* Though our review of such a question is legally de novo, we often defer to an agency's interpretation of a statute that the agency is charged to administer. Particularly where an agency has developed broad expertise within an area and the application of the statute implicates value and policy judgments, we may accord an agency decision due weight deference. *See Epic*, 266 Wis. 2d 369, ¶ 18. Such is the case here, and so we will defer to the Commission's statutory interpretation so long as we find none more reasonable. *See id.*, ¶ 19.

¶ 9. It is unquestioned that Whittingham, in his role as sole proprietor of Woodland Builders, meets the definition of "employer" in WIS. STAT. § 102.04(1)(b)2. Thus, the only statute we must construe is WIS. STAT. § 102.07(8m). Initially, in its brief in chief, Acuity seems to advocate for a bright-line, hard-and-fast rule: a person who operates a business that pays someone $500 or more in a quarter is nobody's employee. This, according to Acuity, is what the statute says, and so this is what the law is. Once an employer, always an employer (unless one closes up shop or fires one's employees and subsequently withdraws from the worker's compensation statute under WIS. STAT. § 102.05).

¶ 10. The Commission concluded, however, that the statute excludes a person from coverage only if that person is actually functioning as an employer in his or her work for a second employer. That is, the "employer"

status that a person running a small business may pick up under Wis. Stat. § 102.04(1)(b)2. does not preclude that person from being an "employee" when he or she goes to work for someone else, if he or she is working as an individual, rather than serving as an "employer perform[ing] work or service" under Wis. Stat. § 102.07(8m).

¶ 11. Acuity contends that the Commission's reading inserts a "new requirement" that finds no support in the statutory language.[3] Acuity further argues that the

---

[3] In further support of its reading, Acuity also points to a drafter's note related to 1989 Wis. Act 64, which created Wis. Stat. § 102.07(8m). The note reads:

> Do you really want proposed s. 102.07(8m) (study commission proposal 20) to apply to any employer who works for another employer? Assuming you do, I have eliminated similar language from s. 102.07(8)(b) (intro.) to avoid a redundant statement that an independent contractor who is an employer isn't an employe of an employer for whom he does contract work.

Acuity contends that the fact that there is now no language in § 102.07(8) stating that an independent contractor who is an employer is not the employee of an employer for whom the independent contractor does contract work implies that the answer to the drafter's question was "yes"—and that § 102.07(8m) is thus intended to apply to "any employer who works for another employer." First, we do not generally resort to legislative history unless statutory language is ambiguous. *State ex rel. Thomas v. Schwarz*, 2007 WI 57, ¶ 40, 300 Wis. 2d 381, 732 N.W.2d 1. Our holding that Acuity's proffered interpretation of § 102.07(8m) leads to an absurd result means that only the Commission's reading is reasonable.

Nevertheless, we observe that the drafter's note does not really support Acuity's position. The language of Wis. Stat. § 102.07(8m) excludes employers from being employees whether or not they are independent contractors, so it would indeed be redundant to say that independent contractors who are also employers are excluded from being employees. This is what the drafter's note means when it asks if § 102.07(8m)

621

Commission's reading creates a host of line-drawing problems: when is Whittingham an employer, and when an employee? Must he be actively supervising employees at the time of his injury? What if he turns from instructing an employee and is immediately injured at a different task? Does he shift seamlessly from employer to employee over the course of a workday, and if so, does his worker's compensation status vary with his task? To quote Acuity, "What, from a metaphysical standpoint, change[s] to allow him to make a transition from employer to employee?"[4]

¶ 12. First, we note that Acuity's misgivings seem to arise from a strained reading of the Commission's decision in this case. The Commission stated that WIS. STAT. § 102.07(8m) denies employee status only to those

---

applies to "any employer who works for another employer" – "any employer" in this context plainly means "an employer whether or not he or she is an independent contractor." Allowing that § 102.07(8m) applies to employers regardless of whether they are independent contractors says nothing at all about whether a person who runs a side business with employees is the employee of another when he or she works as an individual.

[4] Acuity also argues that the Commission's reading of WIS. STAT. § 102.07(8m), which allows a person to be an employer in some circumstances and not in others, renders WIS. STAT. § 102.05(1) superfluous. That subsection sets forth the procedures by which one may withdraw from being an employer under the statute. Acuity asks why, if Whittingham can be an employer in one situation and an employee in another, is there any need for a statutory mechanism for an employer to withdraw from employerhood? One obvious answer is that an employer under the Act is required to carry worker's compensation insurance under WIS. STAT. § 102.28. The fact that Whittingham served Carr Builders as an employee did not relieve him of the obligation to purchase an insurance policy covering his own employees in their work for Woodland Builders (though, somewhat ironically, he did not, as he was unaware at that time of their status as employees).

"acting as employers"; it did not add "at the moment" or "at the time of injury."[5] What the Commission said is that the statute only excludes from coverage

> individuals who are *acting as employers* in the work or service they perform for the other employer in that other employer's trade, business, profession, or occupation . . . .

> . . . .

> When Employer A, in its capacity as a business, contracts with Employer B to perform work or service in Employer B's enterprise, the statute provides that Employer A functions as an employer and does not become Employer B's employee. Application of the statute may become confused in a circumstance such as the one at hand, wherein Employer A's business is a sole proprietorship, in which the owner performs the same type of work for his sole proprietorship that at other times he performs as an individual employee unrelated to his sole proprietorship . . . . WIS. STAT. § 102.07(8m) is not applicable when Employer B hires the individual to perform services as an employee, unrelated to his status as sole proprietor.

The Commission's decision makes clear that it examined not Whittingham's task at the instant he was injured, but the nature of his relationship with Carr Builders. For example, it did not find that Whittingham was not instructing an employee *at the moment* of his injury, but that he *never once* brought an employee to a Carr Builders job site—because the employees worked

---

[5] The Commission does use the phrase "at the time of his injury" in its brief to this court, but it is clear from the context that the Commission continues to maintain that it was the relationship between Carr Builders and Whittingham that made Whittingham an employee.

for Woodland Builders, and Woodland Builders was not who Carr Builders hired; David Whittingham was.

¶ 13. The question, then, is whether this distinction between Whittingham the individual and Whittingham d/b/a Woodland Contractors is permissible under the statute. Acuity contends that it is not, arguing that "a sole proprietorship has no legal identity separate from that of the individual who owns it." As such, it cannot be sued separate from its owner, *see Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997); and a sole proprietor cannot participate in an ERISA pension plan, *see Matter of Baker*, 114 F.3d 636, 639 (7th Cir. 1997). Acuity is correct that a sole proprietor is indistinguishable from its owner in each of the legal realms it points to, but whether the Worker's Compensation Act allows for a distinction between a person as an individual and as the proprietor of a business is a separate question.

¶ 14. We conclude that this question must be answered in the affirmative, because the contrary answer advocated by Acuity would lead to an unreasonable and absurd result, which we must avoid. *See State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110. It would also defeat the purpose of the Worker's Compensation Act. The Act is to be liberally construed in order to effect coverage for an injured worker. *Weiss v. City of Milwaukee*, 208 Wis. 2d 95, 102, 559 N.W.2d 588 (1997). Acuity's reading of the statute would bring about a situation in which current small-business owners working second jobs, as well as former small-business owners entering new jobs, would be shut out of coverage for any injuries they might sustain. It would also chill a worker's incentive to start a small side-business of his or her own, additional

624

to and separate from the worker's labor for someone else. Certainly, the twin values of self-reliance and hard work would take a hit.

¶ 15. A hypothetical situation posed by both of the respondents in their response briefs illustrates the problem with Acuity's approach. WIS. STAT. § 102.05(1) does not allow someone like Whittingham to withdraw from employer status until a substantial period of time has passed during which he or she has had no employees. So what if, for example, Woodland Builders were to fail? Whittingham would need to find a job. But if it is really the law that a statutory employer can never be a statutory employee, Whittingham, along with all other erstwhile employers, would be ineligible for worker's compensation. If Whittingham were to go to work at a restaurant and be injured, the fact that he used to run a small contracting company would exclude him from coverage for that injury, a result that is not only unreasonable, but contrary to purpose of the Worker's Compensation Act. We cannot imagine that this result is one that the legislature intended.

¶ 16. Acuity, perhaps recognizing that the hard-line approach taken in its brief in chief is not viable, attempts in its reply brief to draw a distinction between the hypothetical and the facts at hand. It argues that if Whittingham were to work at a restaurant, he would be paid by check to his own name, his wages would be subject to tax withholding, and he would have reported his earnings as personal income, not as business income to his sole proprietorship. Acuity holds these hypothetical facts up in contrast with the actual facts of this case: Whittingham's payments came by check made out to Woodland Builders, without any withholding, and he reported the earnings to the IRS as Woodland Builders income. In short, according to Acuity, the

"nature of the relationship" between Whittingham and the restaurant in the hypothetical would be different than that between Whittingham and Carr in reality. In Acuity's view this difference shows that the nature of the Whittingham-Carr relationship was one of "employer to employer."

¶ 17. So Acuity appears to have backed off from its hard line: It appears to now posit that Wis. Stat. § 102.07(8m) does not completely forbid Whittingham from being anyone's employee simply because he also runs Woodland Builders. Rather, he could be an employee if the "nature of the relationship" between him and his employer were different from the relationship that he had with Carr Builders. That is, if Carr had hired Whittingham the individual, rather than Woodland Builders, Whittingham would not be excluded from worker's compensation coverage.

¶ 18. But, as discussed above, this was exactly the Commission's approach: it analyzed the nature of the relationship between Carr and Whittingham, and decided for various reasons that it was a relationship between an employer and an employee. It thus begins to look like Acuity, having backed away from its "once an employer, always an employer" approach, is really trying to convince this court that the Commission misconstrued the relationship between Carr Builders and Whittingham.

¶ 19. And some of the evidence it points to holds significant persuasive force: in particular, the facts that Carr made out the checks to Woodland and that Whittingham reported the money as income to Woodland do suggest that Carr hired Woodland builders,

rather than Whittingham as an individual.[6] If this were the finding that the Commission had made, we would no doubt be bound to uphold it on appeal.

¶ 20. But Whittingham and the Commission point to other facts: Whittingham never brought any employees to a Carr Builders site, and Carr testified that he hired Whittingham alone for his carpentry skills. Whittingham received a flat hourly rate for the labor that *he,* and no one else, performed. In contrast to the business-management activities that he performed for Woodland builders, Whittingham did only carpentry work for Carr Builders. These facts support the finding that Carr hired Whittingham as an individual, unconnected to Whittingham's ownership of Woodland. Thus, for the same reason we would be bound to uphold the Commission had it found as Acuity urges it should have, we are bound to uphold the finding that it actually made.

¶ 21. That reason is our standard of review. We are required to defer to the Commission's findings of fact if they are supported by substantial and credible evidence. *See Michels,* 197 Wis. 2d at 931. If we find

[6] Other evidence cited by Acuity is less significant, and seems to be directed more toward showing that Whittingham was a "subcontractor" or independent contractor instead of a common-law employee. It is irrelevant whether this is so, since an independent contractor is an employee under the Worker's Compensation Act unless he or she meets all of the criteria in Wis. Stat. § 102.07(8)(b), and Acuity does not argue here that these criteria are met. Because an individual can be an independent contractor and also an "employee" under the Act, a showing that Carr hired Whittingham as an independent contractor does not show that he did not hire Whittingham as an individual.

such evidence in support of the Commission's findings, we do not look to see whether other evidence would support a different conclusion. *See Brickson v. DILHR,* 40 Wis. 2d 694, 699, 162 N.W.2d 600 (1968). Thus, even in view of Acuity's significant factual showing, we are compelled to uphold the Commission's determination.

¶ 22. Acuity contends, however, that Whittingham's status as an employee presents a question of law that we must review de novo. It cites *Kress Packing Co. v. Kottwitz,* 61 Wis. 2d 175, 177, 212 N.W.2d 97 (1973), *superseded by statute as stated in Acuity Mut. Ins. Co. v. Olivas,* 2007 WI 12, ¶ 87, 298 Wis. 2d 640, 726 N.W.2d 258, for the proposition that "whether one is an employee or employer is a question of law." But this is not precisely what *Kress Packing* said; it said that whether *Kottwitz* was an employee was a question of law, because the relevant facts and permissible factual inferences could support only one legal conclusion. *Id.* at 177, 179. That is, the *Kress* court was applying the law (specifically the then-applicable statutory definition of "employee") to a situation in which the facts as well as the factual inferences of the commission were undisputed. *Id.* at 179. ("[A]ccepting the inferences and ultimate facts drawn by the commission, we are of the opinion that they do not support a conclusion of law that Kottwitz was an employee of Kress.").

¶ 23. This case involves a different situation mentioned in the *Kress* opinion: a conclusion of law that rests upon an inference of fact. *See id.* at 178 ("[W]hen undisputed facts permit the drawing of different inferences, the drawing of one such permissible inference of fact is an act of fact finding . . . upon which a conclusion of law may rest."). The question of who Carr Builders hired, Whittingham or Woodland, could only be an-

628

swered by examining the words and actions of Carr and Whittingham to infer the terms of their arrangement. This inference is one of fact. *See Dreazy v. North Shore Pub. Co.*, 53 Wis. 2d 38, 44–45, 191 N.W.2d 720 (1971) (stating in a different context that the terms of an unwritten contract are a jury question). The Commission faced a situation in which some evidence supported the conclusion that Carr Builders hired Whittingham as an individual, and some supported the conclusion that it hired Woodland Builders. It found the evidence supporting the first conclusion more convincing than the evidence supporting the second.

¶ 24. To be sure, the factual inference that the Commission drew determined the legal outcome of the case; that is, if the Commission had determined that Carr hired Whittingham d/b/a Woodland, it would follow as a matter of law that Whittingham was not an employee. But this does not change the fact that it is a two-step process: the Commission examined the undisputed facts and determined that, factually, Carr agreed to hire Whittingham the individual; it then concluded that this allowed Whittingham to be an employee under the statute. We would reverse the Commission if we felt it had erred in the second step, but as we discussed above, we do not. We would also reverse, as discussed in *Kress*, if all the evidence pointed to only one possible conclusion with regard to the first step. But in a case like this one, where there is evidence to sustain either of two possible factual inferences, choosing between them is for the Commission.

*By the Court.*—Order affirmed.