ROBERTS, Respondent, vs. INDUSTRIAL COMMISSION and another, Appellants.

*November 8—December 3, 1957.*

For the appellant Industrial Commission there was a brief and oral argument by *Arnold J. Spencer* of Madison.

For the appellant Chain Belt Company there was a brief by *Wood, Warner, Tyrrell & Bruce* of Milwaukee, and oral argument by *Jackson M. Bruce*.

For the respondent there was a brief and oral argument by *Lawrence D. Gillick* of Milwaukee.

A brief *amicus curiae* was filed by *Leon B. Lamfrom* of Milwaukee, for the Employers Association of Milwaukee.

BROWN, J.    Roberts was a welder working for Chain Belt Company. His labor grade was number five. On September 28, 1954, there was a lack of welding work and the company offered him a transfer to the job of stock selector in labor grade eight. Roberts' pay as a welder varied from $71 to $95 per week, piecework. The stock-selector job had no piecework and the pay would be $64 per week. Roberts refused the offer of the new job and demanded that he be placed on layoff under the terms of a contract between the employer and the union, which read as follows:

"Employees subject to layoff are expected to accept reasonable job offers under these provisions. Therefore, if such an employee refuses a job offer on work which he can perform no more than two labor grades lower than his original job, his seniority will be terminated. If an employee refuses such a job offer more than two labor grades lower than his original job, he will be placed on layoff."

The employer complied with Roberts' demand. Being so laid off, Roberts applied for unemployment compensation. The company reported to the Industrial Commission that he was not entitled to it because he had quit work.

The material part of the statute in question reads:

"108.04 ELIGIBILITY FOR BENEFITS. (7) *Voluntary Termination of Employment.* (a) If an employee terminates his employment with an employer, he shall be ineligible for any benefits based on such employment, and ineligible for benefits based on other previous employment for the week of termination and the four next following weeks, except as hereinafter provided.

"(b) Paragraph (a) shall not apply if the commission determines that the employee terminated his employment with good cause attributable to the employer."

The dispute was investigated by a deputy of the commission who decided that Roberts terminated his employment but not with good cause attributable to the employer, and was not eligible for unemployment compensation.

At Roberts' request the commission's appeal tribunal conducted a hearing, after which it found, and the full commission affirmed, that the transfer of work was reasonable and Roberts was physically qualified to perform the work; that

". . . pursuant to the above-quoted contract provision his union job seniority with the employer was not affected by his refusal to accept a transfer to the job in question. His job seniority continued despite his refusal to accept the transfer of work. However, such contract provision relates to job seniority only and is not controlling as to the question of his eligibility for benefits under the Unemployment Compensation Act.

". . . In the instant case the transfer of work in question was reasonable and the employee was physically qualified to perform the work."

It concluded:

"Under the circumstances the employee's refusal to accept a reasonable transfer of employment was action inconsistent with a continuing employer-employee relationship and constituted a termination of his employment."

The order of the commission denied Roberts' application for unemployment benefits and he brought this action for review by the circuit court. The judgment of the circuit court reversed the order of the commission and directed the commission to make an order granting unemployment benefits to Roberts.

The commission and the employer have appealed.

The circuit court's memorandum decision says, in part:

". . . the plaintiff here was entitled to be placed on layoff by the unequivocal terms of the union contract in view of the fact that he was not provided with a job within two labor grades of his original classification. If it is deemed that he was not placed on layoff, a status to which he was legally entitled, then plaintiff obviously voluntarily terminated his employment with good cause attributable to the employer, *i. e.*, the employer's violation of a material provision in the employment contract."

Respondent's brief states that Roberts was placed on layoff. The employer complied with that provision of the labor contract but it does not follow as the circuit court held, that a layoff under such circumstances carried with it the benefit of unemployment compensation.

Roberts refused a job tendered him, one which the commission found was reasonable and which he was able to do. In *Dentici v. Industrial Comm.* (1953), 264 Wis. 181, 58 N. W. (2d) 717, when Dentici refused such a transfer we held that in so doing he terminated his employment voluntarily without good cause attributable to his employer. Is there a different rule when there is a contract of employment which provides that the employee's refusal to do such available work results in layoff rather than in a complete severance of employment relationship?

Sec. 108.01, Stats., contains the legislative declaration of the public policy behind the Unemployment Compensation Statute. In brief, the purpose of this statute is to stabilize

employment and to minimize the loss of income when an employee involuntarily is out of work through the fault or misfortune of his employer. The statute was not enacted to provide relief in lieu of wages when reasonable work is available which the employee can but will not do.

To hold that by private agreement a party who refuses reasonable employment is entitled to unemployment benefits would make his eligibility dependent on negotiation between the employer and the employee or his bargaining agent rather than on the statute, administered by the Industrial Commission. Yet that is the effect which respondent now claims for the contract. If that is the effect of the provision in question the contract must be declared void in that respect. But we do not think the contract attempted any such thing or that it need be so interpreted.

The contract provision deals with the employee's seniority status. If he is offered a job more than two labor grades below his original one he need not take it. The parties have agreed that quitting under such circumstances will not impair his seniority. But for compensation purposes this is quitting nontheless, and for a cause not attributable to the employer, as we held in *Dentici v. Industrial Comm., supra.*

The commission's findings of fact have support in the evidence. Its conclusions of law concerning the meaning and the effect of the contract provision accord with our own. We must reverse the learned trial court and direct that the commission's order be reinstated.

*By the Court.*—Judgment reversed, and cause remanded for proceedings not inconsistent with this opinion.