TRANSPORT OIL, INC., Appellant, v. CUMMINGS and another, Respondents.

*No. 2. Argued February 28, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 649.)

For the appellant there were briefs and oral argument by *Aubrey R. Fowler* of Madison.

For the respondent Department of Industry, Labor & Human Relations there was a brief by *Arnold J. Spencer,* chief counsel, and *Uclair W. Brandt,* assistant chief counsel of the unemployment compensation division, and oral argument by *Mr. Brandt.*

WILKIE, J. Two issues are raised on this appeal:

1. Was Cummings an employee within the meaning of sec. 108.02 (3), Stats.?

2. Was Cummings discharged for misconduct thereby excluding him from compensation benefits?

*Was Cummings an employee of Transport?*

A. *Did the department apply the proper criteria?* Sec. 108.02 (3), Stats., defines an "employee" for the purposes of unemployment compensation. That statute provides:

"(3) EMPLOYE. (a) 'Employe' means any individual who is or has been performing services for an employing unit, in an employment, whether or not he is paid directly by such employing unit; except as provided in par. (b). If a contractor performing services for an employing unit is an employe under this subsection and not an employer subject to the contribution provisions of this chapter, a person employed by the contractor in fulfilment of his contract with the employing unit shall be considered the employe of the employing unit.

"(b) Paragraph (a) shall not apply to an individual performing services for an employing unit if the employing unit satisfies the department as to both the following conditions:

"1. That such individual has been and will continue to be free from the employing unit's control or direction over the performance of his services both under his contract and in fact; and

"2. That such services have been performed in an independently established trade, business or profession in which the individual in customarily engaged."

By its findings and order the appeal tribunal of the department interpreted the statute (which findings and order were affirmed without modification by the department), indicating that in order for a person to have an "independently established trade, business or profession" within the meaning of sec. 108.02 (3) (b) 2 Stats., "it must be such a business as the person has a proprietary interest in, an interest which he alone con-

trols and is able to sell or give away." Cummings was found not to have such a proprietary interest and on that basis alone the appeal tribunal found that Cummings was an employee of Transport.

Transport asserts that the department applied the wrong criteria, first because the appeal tribunal did not determine whether or not Cummings was "an employee" within the meaning of par. (a) of the statute, and second because the tribunal gave too much weight to the finding of no proprietary interest. We are here concerned with the findings and order of the department, which were a summary affirmance of those made by the appeal tribunal of the department; hence the review here is of the findings as made by the appeal tribunal and affirmed by the commission of the ILHR.

The only finding made by the tribunal was that Cummings had no proprietary interest in the business, thus meaning that he was an employee. Under sec. 108.02 (3), Stats., a two-step process is required to determine whether an individual is an "employee." The first step is to decide whether a person falls within the purview of par. (a) : That he is an "individual who is or has been performing services for an employing unit, in an employment." If the person meets the test of par. (a), the second step is to determine whether the individual is exempted by both of the provisions of par. (b). Appellant's initial assertion is that the appeal tribunal did not make the determination required under par. (a).

A review of the decision of the appeal tribunal reveals that no specific finding was made that Cummings fell within the coverage of par. (a). Davis in his *Administrative Law Treatise* discusses at length those findings which are a prerequisite to a valid administrative determination and those findings which can be implied.[1]

[1] 2 Davis, *Administrative Law Treatise* (1958), pp. 444–459, secs. 16.05–16.07.

Davis differentiates between "basic findings" and "ultimate findings." [2] The basic findings are those on which the ultimate finding rests. [3] Here the basic findings are: One, that Cummings falls within the coverage of par. (a), and two, that he is not exempted by par. (b). Here the initial finding as to coverage under par. (a) was not made. A basic finding may not be implied from an ultimate finding. [4]

In addition to not considering whether Cummings was an employee within the meaning of sec. 108.02 (3) (a), Stats., the appeal tribunal in this case did not state any reasons for concluding that Cummings was an employee of Transport. An administrative agency must indicate its reasons for reaching its findings.

The Wisconsin Administrative Procedure Act requires that the administrative agency prepare formal findings of fact and conclusions of law. [5] While the provisions of ch. 227, Stats., do not apply to workmen's compensation or unemployment compensation cases, [6] we believe that even in those cases the agency has the obligation to state the reasons for its conclusions. The requirement that an agency adequately state the reasons for its action has long been recognized. [7] In the leading case in the area, *Securities Comm. v. Chenery Corp.*,[8] the Supreme Court of the United States reversed an order of the Securities and Exchange Commission and remanded the case to the commission with directions to

---

[2] *Id.*, at page 451, sec. 16.06.

[3] *Id.*

[4] *Id.*, at page 455, sec. 16.07.

[5] Sec. 227.13, Stats. *See Reinke v. Personnel Board* (1971), 53 Wis. 2d 123, 135, 136, 191 N. W. 2d 833; *Hixon v. Public Service Comm.* (1966), 32 Wis. 2d 608, 622, 630, 146 N. W. 2d 577.

[6] Sec. 227.22, Stats.

[7] Davis, *Administrative Law Treatise*, 1970 Supplement, pp. 579–587, sec. 16.12.

[8] (1943), 318 U. S. 80, 63 Sup. Ct. 454, 87 L. Ed. 626.

give its reasons for taking a certain action. Mr. Justice FRANKFURTER, writing for the court, said:

"Congress has seen fit to subject to judicial review such orders of the Securities and Exchange Commission as the one before us. That the scope of such review is narrowly circumscribed is beside the point. For the courts cannot exercise their duty of review unless they are advised of the considerations underlying the action under review. If the action rests upon an administrative determination—an exercise of judgment in an area which Congress has entrusted to the agency—of course it must not be set aside because the reviewing court might have made a different determination were it empowered to do so. But if the action is based upon a determination of law as to which the reviewing authority of the courts does come into play, an order may not stand if the agency has misconceived the law. In either event the orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained. 'The administrative process will best be vindicated by clarity in its exercise.' *Phelps Dodge Corp. v. Labor Board,* 313 U. S. 177, 197. What was said in that case is equally applicable here: 'We do not intend to enter the province that belongs to the Board, nor do we do so. All we ask of the Board is to give clear indication that it has exercised the discretion with which Congress has empowered it. This is to affirm most emphatically the authority of the Board.' *Ibid.* . . ." [9]

Professor Davis in the 1970 Supplement to his *Administrative Law Treatise* discusses at length the developing administrative law which requires the agency to state its reasons.[10] It is only when the agency adequately states its reasons for taking an action that meaningful judicial review is possible.[11] As Judge HENRY J. FRIENDLY of the United States Court of Appeals for the Second

[9] *Id.* at pages 94, 95.

[10] Davis, *Administrative Law Treatise, supra,* footnote 7.

[11] *Community Service, Inc. v. United States* (6th Cir. 1969), 418 Fed. 2d 709, 720.

Federal Circuit has written, when the agency has not made the findings required by the statute nor given its reasons for the result,

". . . reversal is inevitable, both to preserve the meaningful quality of judicial review and to force the agencies to do their homework. . . .

"[R]eversals for inadequate or erroneous subsidiary findings will require the agency to rethink the problem and, if it adheres to the previous decision, to state its position in a manner that may provoke a ruling on an issue of law." [12]

This court has long been committed to the proposition that administrative agencies are to be given broad power within their respective jurisdictions and this court is hesitant to interfere with administrative determinations. In order for this balance between the administrative and judicial branches of government to be effective, however, it is essential that the agency exercise the power the legislature has given it. Such power requires a clear articulation of the reasons for a particular determination. [13] When the agency "enters an order authorized by the act upon a set of facts which are supported by the evidence, that order is immune from judicial attack." [14] Here we are unable to affirm the order of the agency, first, because the department did not consider the criteria authorized by the Unemployment Compensation Act, and second, because the department did not reveal the reasons upon which its determinations were based. [15]

---

[12] Friendly, "*Chenery* Revisited: Reflections on Reversal and Remand of Administrative Orders," 1969 *Duke Law Journal*, 199, 223, 224.

[13] *Cf., Buhler v. Department of Agriculture and Markets* (1938), 229 Wis. 133, 138, 139, 280 N. W. 367, and cases cited therein.

[14] *United Shoe Workers, etc. v. Wisconsin Labor Relations Board* (1938), 227 Wis. 569, 577, 279 N. W. 37.

[15] In *Transamerica Ins. Co. v. ILHR Department*, post, p. 272, 195 N. W. 2d 656, decided this date, the court affirms the depart-

The United States Supreme Court stated in *Burlington Truck Lines v. United States:* [16]

"There are no findings and no analysis here to justify the choice made, no indication of the basis on which the Commission exercised its expert discretion. We are not prepared to and the Administrative Procedure Act will not permit us to accept such adjudicatory practice. See *Siegel Co. v. Federal Trade Comm'n,* 327 U. S. 608, 613–614. Expert discretion is the lifeblood of the administrative process, but 'unless we make the requirements for administrative action strict and demanding, *expertise,* the strength of modern government, can become a monster which rules with no practical limits on its discretion.'"

Transport also contends that the "proprietary-interest" test applied by the appeal tribunal was either improper or was given too much weight. The appeal tribunal reached the following conclusion:

"In American Cookware Corporation v. Ind. Comm. & Wiedeman, Circuit Court of Dane County, Case No. 118–269, March 2, 1966, the court held that for an individual to be customarily engaged in an independently established trade, business or profession, it must be such a business as the person has a proprietary interest in, an interest which he alone controls and is able to sell or give away.

"In the instant case, it is clear that the claimant did not have an interest in the operation of the filling station

ment's reversal of a hearing examiner's findings despite the fact that the department did not adequately state its reasons for the reversal. In *Transamerica,* unlike the present case, the court is able to determine as a matter of law that the hearing examiner's findings were not supported by the record. In the present case the court is foreclosed from reviewing the determination of the agency because the required findings were never made. Thus the court affirms *Transamerica* where the department clearly was correct in overturning the examiner's findings, but we reverse the present case because there are no findings for the court to review.

[16] (1962), 371 U. S. 156, 167, 83 Sup. Ct. 239, 9 L. Ed. 2d 207.

leased to him by the employer, which he was able to sell or give away at his choice. That is eminently clear from the manner of the termination of his 'business' by the employer."

While the "proprietary-interest" test is not found in the statute it is the interpretation given the statute by the department. This court has often said that practical interpretations of ambiguous statutes by the agency charged with the enforcement of the statutes are given great weight and are often decisive.[17] Here par. (b) of the statute is not clear and for that reason the construction given the statute by the agency enforcing it will be considered valid. It should be noted, however, that the hearing officer excluded most of the evidence in reaching this conclusion, and considered only the terms of the lease.

B. *Is the department's conclusion as to sec. 108.02 (3) (b), Stats., supported by the evidence?* Under the provisions of sec. 108.02 (3) (b), Stats., all the fact finder must do is find that the claimant is not exempted by either condition 1 or condition 2.[18] Here the appeal tribunal found that Cummings was not exempted by condition 2 and was, therefore, an employee under the statute. On appeal this court need only consider whether the evidence supports that conclusion. Sec. 108.09 (7) provides that findings of fact made under this chapter are conclusive, absent fraud. As otherwise expressed, findings of the department will not be set aside if there is any credible evidence to support them.[19]

Under condition 2 of par. (b) the tribunal determined that Cummings did not have a proprietary interest. The evidence as considered by the tribunal—the lease

[17] *Trczyniewski v. Milwaukee* (1961), 15 Wis. 2d 236, 240, 112 N. W. 2d 725.

[18] *National Guardian Life Ins. Co. v. Industrial Comm.* (1965), 26 Wis. 2d 198, 209, 131 N. W. 2d 896.

[19] *R. T. Madden, Inc. v. ILHR Department* (1969), 43 Wis. 2d 528, 169 N. W. 2d 73.

agreement—supports this conclusion. That finding is affirmed.

### Was Cummings discharged for misconduct?

Should Cummings be found to be an employee within the meaning of sec. 108.02 (3), Stats., then Transport argues that he was discharged because of misconduct thereby excluding him from unemployment benefits pursuant to sec. 108.04 (5). Specifically, the alleged misconduct is that Cummings consumed intoxicants while on duty at the service station.

Both parties agree that the criteria for "misconduct" were set down by this court in *Boynton Cab Co. v. Neubeck:* [20]

". . . [Misconduct] is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, . . . or to show an intentional or substantial disregard of the employer's interests or of the employee's duties and obligations to his employer."

The appeal tribunal found that Transport had not shown that Cummings was intoxicated while on duty, and that the mere consumption of intoxicants while on duty did not amount to "misconduct" under the *Boynton Cab* test. The employer has the burden of demonstrating that the employee was discharged for misconduct, [21] and here the appeal tribunal determined that Transport did not meet its burden. Such a determination is supported by credible evidence and will not be upset.

*By the Court.*—That part of the judgment finding that respondent, Maurice G. Cummings, was "an employee"

---

[20] (1941), 237 Wis. 249, 259, 260, 296 N. W. 636.

[21] *Boynton Cab Co. v. Giese* (1941), 237 Wis. 237, 244, 245, 296 N. W. 630.

within the meaning of sec. 108.02 (3), Stats., is vacated and the cause reversed and remanded to the Department of Industry, Labor & Human Relations with directions to enter a finding as to whether respondent was "an employee" under par. (a). Should a finding be made that respondent does fall within the purview of par. (a), then that part of the judgment finding respondent "an employee" within the meaning of sec. 108.02 (3), will be reinstated. That part of the judgment finding that respondent was not discharged for misconduct is affirmed. If the ILHR Department finds that respondent was not "an employee" within the meaning of par. (a), then that part of the judgment finding that respondent was not discharged for misconduct is vacated as moot. No costs on appeal.