ZEL S. RICE, II, Secretary Department of Transportation
Your Department has asked whether sec. 121.54 (7), Stats., requires extracurricular transportation of school children to be performed solely in school busses as defined in sec. 340.01 (56), Stats., and driven by school bus operators licensed under sec.343.12, Stats.
Section 121.54 (7), Stats., reads:
 (7) TRANSPORTATION FOR EXTRACURRICULAR ACTIVITIES. (a) A school board may provide transportation for pupils attending public schools only, their parents or guardians, authorized chaperones, school district officers, faculty and employes and school doctors, dentists and nurses in connection with any extracurricular school activity, such as a school athletic contest, school game, school outing or school field trip or any other similar trip when:
 "1. A school bus which is regularly used by or for the school district is used and such transportation is under the immediate supervision of a competent adult employe of the school district and the school bus is operated by a driver regularly used as a bus driver by the school district;
 "2. A school operated by the school district has an actual educational interest in such activity;
 "3. Such use does not extend more than 50 miles beyond the boundary of this state, but this restriction does not apply to any such use by the Wisconsin school for the deaf or by the Wisconsin school for the visually handicapped; and
 "4. The school principal or other person with comparable authority authorizes such use.
 "(b) The school board may make a charge for such transportation, to be paid by the persons transported, sufficient to reimburse it for the use of the school bus. If the school bus is operated by a person under contract with the school board under s. 121.52 (2) (b), the school board may authorize a charge for the transportation, to be paid by the *Page 47 
persons transported, sufficient to make reimbursement for such use."
This statute provides that the regular school bus with the regular driver may be used for extracurricular transportation. This does not constitute a prohibition of extracurricular transportation by any other legal means, such as those methods specified by sec. 121.55, Stats., for example.
Nor does sec. 121.54 (7), Stats., prohibit extracurricular transportation by use of a school owned automobile other than a school bus. Under certain circumstances such an automobile is not considered a school bus and its operation is not therefore subject to the provisions of sec. 343.12, Stats., which requires that no person shall operate a school bus transporting school children unless he has a school bus operator's license.
The definition of school bus is found in sec. 340.01 (56), Stats., which reads:
 "(56) `School bus' means a motor vehicle which transports children to or from a public or private school or which transports school groups engaged in extracurricular activities to or from points designated by such schools, but does not include:
 "(a) A motor vehicle owned or operated by a parent or guardian transporting only his own children, regardless of whether the school has made a contract with or paid compensation to such parent or guardian for such transportation; or
 "(b) A vehicle having a seating capacity of fewer than 10 persons, including the operator, and used in casual, occasional or reciprocal transportation of school children and not under contract.
 "(c) Busses operated by a common motor carrier of passengers used in urban transportation of school children, or when used in extra curricular activities to and from points designated by a school."
An automobile is clearly a motor vehicle, and thus is included in the definition of school bus. However, exempted from the definition of school bus is a vehicle seating less than 10 persons and *Page 48 
used in the casual, occasional or reciprocal transportation of school children and not under contract. The purpose of this exemption is to permit parents of two or more families to take turns driving each other's children to school. The word "reciprocal" would apply to such transportation.
Furthermore, by use of the words "casual" and "occasional" the exemption is broad enough to include transportation of children to extracurricular activities in a school owned automobile on infrequent and unanticipated occasions when a licensed school bus and a licensed school bus operator are not available.
In such cases, the school owned automobile would not be a school bus and the driver of the vehicle need not be licensed as a school bus driver. However, it should be emphasized that the words "casual" and "occasional" are real limitations and their use does not constitute a loophole in the law "Casual" means occurring by chance or without regularity. "occasional" means occurring at irregular or rare intervals. Therefore, if a school uses a vehicle with some regularity for transporting students, such vehicle would be considered a school bus and the driver would have to be licensed as a school bus driver.
You indicate that this has been your construction of sec.340.01 (56), Stats., for some period of time and that the Department of Public Instruction holds the same view. This construction is not inconsistent with sec. 121.54 (7), stats., and such administrative construction is entitled to great weight in construing these statutes. Transport Oil Co. v. Cummings
(1972), 54 Wis.2d 256, 267, 195 N.W.2d 64g.
Furthermore, the legislature has. for the time being, acquiesced in this construction. Substitute Amendment 2 to 1973 Senate Bill 751 would have made any school owned automobile a school bus, thus requiring it to be driven by a person licensed as a school bus operator. However, that bill was not passed.
It is, therefore, my opinion that a school owned or operated automobile, used in casual and occasional transportation of school children to extracurricular activities is not a school bus and sec. 121.54 (7), Stats., does not prohibit such use.
BCL:AOH *Page 49