STATE EX REL. TYZNIK, Appellant, V. DEPARTMENT OF HEALTH & SOCIAL SERVICES, Respondent.

*No. 75–176 CR. Argued November 26, 1975.—Decided February 3, 1976.*
(Also reported in 238 N. W. 2d 66.)

For the appellant there was a brief and oral argument by *Howard B. Eisenberg,* state public defender, of Madison.

For the respondent the cause was argued by *James H. Peterson,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

WILKIE, C. J. This appeal is to review the trial court's approval under certiorari of a decision by the Department of Health & Social Services deferring the parole board's consideration of appellant Joseph Tyznik's discretionary parole for a minimum of twelve months from February 5, 1975.

Tyznik asserts here that in the parole proceedings before the department he was denied due process by virtue of the fact that prior to the hearing on his parole inmates like himself were not notified of the standards to be applied by the board (the decision of the board is the decision of the department) in reaching its decision on Tyznik's parole application. Tyznik also claims that he was denied due process because the parole board did not state reasons for the denial of his parole application with sufficient reference to relevant facts in the record. We reverse on the first ground only and remand for the pronouncement by the parole board of standards which give notice to Tyznik of the criteria to be applied by the board in reviewing his parole application.

Joseph Tyznik was convicted of rape in 1970. He was sentenced to an indeterminate term not to exceed twenty years in the Wisconsin state prisons. On February 5, 1975, he was an inmate at the Wisconsin Correctional Camp System, Gordon. Tyznik has a long history of criminal activity, prior confinement, probation and parole revocation. Tyznik appeared before the parole board on

February 5, 1975, for a determination of whether he should be released on discretionary parole, pursuant to sec. 57.06 (1), Stats.[1]

On certiorari proceedings to review the board's action, the department filed a return including a copy of the parole board's decision to defer parole and various records and files which were alleged to have furnished the basis for that decision. The files and records included in the return were (1) a parole planning information sheet outlining appellant's prospects for housing and employment if released on parole; (2) a "Partial Admission" face sheet and court history of the offense which led to appellant's latest imprisonment; (3) a two-page face sheet detailing the results of a partial "Sex Crimes Law Investigation;" (4) an "Admission Investigation" report prepared following appellant's conviction and sentencing on two counts of burglary on September 13, 1963; (5) a "Partial Admission Investigation" detailing the appellant's court history concerning the burglary convictions; (6) a three-page face sheet prepared on April 13, 1970, upon admission to the Wisconsin state prisons to begin serving the twenty-year sentence imposed after the rape conviction; and (7) a "Social Service Chronological History" prepared on February 4, 1975, detailing appellant's

[1] "57.06 **Paroles from state prisons and house of correction.** (1) (a) The department may parole an inmate of the Wisconsin state prisons or any felon or any person serving at least one year or more in the Milwaukee county house of correction or a county reforestation camp organized under s. 56.07, at any time if there is no minimum prescribed for the offense, or when he has served one-half of the minimum term prescribed by statute for the offense, or when he has served 20 years of a life term, less the deduction earned for good conduct as provided in s. 53.11. Parole eligibility shall be computed according to this paragraph for all persons incarcerated on or after June 29, 1974. The district attorney and judge who tried the inmate shall be notified in writing at least 10 days before the first application for parole is acted upon and if they so request be given like notice of each subsequent application."

institutional progress prior to the parole hearing in question.

The trial court concluded that the decision to defer parole consideration was supported by the evidence found in the return and denied appellant's due process claims.

The refusal of the parole board to grant discretionary parole is subject to judicial review by writ of certiorari to the committing court.[2] The decision to deny release on parole is not "part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding" does not apply to parole release proceedings.[3] The task in determining what process is due involves striking a balance between the interest of the individual inmate and the interests of the state in maintaining the orderly administration of the parole system.[4]

The principal defect in the respondent's parole board proceedings which is disclosed by the record on this appeal is the absence of standards and criteria employed by the parole board as a basis for determining whether to release on parole or defer consideration to a future date.

Although at the time *Goulette* was being considered this court was advised that the department was in the process of formulating new procedures and practices to be followed by the parole board, there is nothing in the record here, nor anything of which this court can take judicial notice, that such procedures and practices include criteria on the basis of which the parole board would make its decision. It, therefore, is clear that in this case the ap-

---

[2] *State v. Goulette* (1974), 65 Wis. 2d 207, 222 N. W. 2d 622.

[3] *Morrissey v. Brewer* (1972), 408 U. S. 471, 480, 92 Sup. Ct. 2593, 33 L. Ed. 2d 484; *Wolff v. McDonnell* (1974), 418 U. S. 539, 94 Sup. Ct. 2963, 41 L. Ed. 2d 935; *State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 185 N. W. 2d 306; *Steele v. Gray* (1974), 64 Wis. 2d 422, 219 N. W. 2d 312, 223 N. W. 2d 614.

[4] *Franklin v. Shields* (D. C. Va. 1975), 399 Fed. Supp. 309. For an analogous approach, *see: Goldberg v. Kelly* (1970), 397 U. S. 254, 90 Sup. Ct. 1011, 25 L. Ed. 2d 287.

pellant was not given notice of the standards and criteria to be applied by the board in considering his parole application.

A prisoner's hope or expectation of conditional liberty created by a legislative provision for discretionary parole is sufficient to warrant minimal protection under the due process clause.[5] A period of sixty days from our remand here should be sufficient to develop and promulgate the required parole standards and criteria.

Although these proceedings must be remanded for the development and promulgation of precise standards and criteria to be used by the parole board in reaching its decision on the appellant's and all other inmates' applications for discretionary parole, and this remand is dispositive of the appeal before us, we also note that effective judicial review requires that the parole board, in denying a parole application, also spell out its reasons therefor as supported by particular evidence in the prisoner's records or parole proceedings.[6] From our review of the record herein we conclude there is abundant evidence to support the parole board's decision to deny the parole and to defer consideration of the parole application for a minimum of twelve months. The parole board, in not recommending release "at this time," gave as its reasons (1) "that parole at this time would depreciate the seriousness of this man's criminal behavior," (2) "there

[5] See: United States ex rel. Johnson v. Chairman, New York State Board of Parole (2d Cir. 1974), 500 Fed. 2d 925, vacated as moot, Regan v. Johnson, 419 U. S. 1015, 95 Sup. Ct. 488, 42 L. Ed. 2d 289; Bradford v. Weinstein (4th Cir. 1974), 519 Fed. 2d 728; Soloway v. Weger (D. C. Pa. 1974), 389 Fed. Supp. 409; Wiley v. United States Board of Parole (D. C. Pa. 1974), 380 Fed. Supp. 1194; Franklin v. Shields, supra, footnote 4; Childs v. United States Board of Parole (D. C. Cir. 1974), 511 Fed. 2d 1270; In re Sturm (1974), 11 Cal. 3d 258, 113 Cal. Rptr. 361, 521 Pac. 2d 97.

[6] See: Transport Oil, Inc. v. Cummings (1972), 54 Wis. 2d 256, 263, 195 N. W. 2d 649. See also: Davis, Administrative Law Treatise, 1970 Supplement, pp. 579–587, sec. 16.12.

is reasonable probability that this man would not comply with the requirements of parole because of his poor adjustment while under previous supervision," and (3) "continued confinement is necessary to protect the public from further criminal activity." The reasons given by the parole board back up the reasonableness of its action when the entire record here is considered. Since we remand only for the pronouncement of standards and criteria as indicated above, the attack on the inadequacy of the parole board's reasons is of no consequence in this case, but the parole board, in future parole proceedings, should conform its recommendations to the requirements as herein set forth.

*By the Court.*—Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.