GRAEBEL MOVING & STORAGE OF
WISCONSIN, Plaintiff-Respondent,

v.

LABOR & INDUSTRY REVIEW COMMISSION,
Defendant-Appellant,

Michael L. ROSERA, Defendant.†

Court of Appeals

*No. 85–0423. Submitted on briefs December 3, 1985.—*
*Decided March 18, 1986.*
(Also reported in 389 N.W.2d 37.)

† Petition to review denied.

For the appellant there were briefs by *Floyd F. Tefft,* attorney, Labor and Industry Review Commission.

For the respondent there was a brief by *John A. Hazelwood* and *Matthew J. Flynn* and *Quarles & Brady* of counsel of Milwaukee.

Before Cane, P.J., Dean and LaRocque, JJ.

LaROCQUE J. The Labor and Industry Review Commission appeals a judgment reversing its finding that Michael Rosera was entitled to unemployment compensation benefits as a Graebel Moving & Storage of Wisconsin employee within the meaning of sec. 108.02(12)(a), Stats. We conclude that credible evidence supports the commission's finding that Rosera was not customarily engaged in an independently established trade, business or profession, and we therefore reverse the judgment and remand for reinstatement of its decision.

Rosera originally worked for Graebel as an intrastate truck driver and unquestionably was its employee. In 1980, Rosera and Graebel entered into a new agreement that designated Rosera an "independent

354

contractor." The agreement called for Rosera to own a semi-truck. Rosera, however, leased, rather than owned, the truck and was responsible for its maintenance, fuel, insurance, and taxes as well as his driver's license fees and determination of what route to follow in transporting his freight. The agreement also called for Rosera to hire and pay individuals to assist him in unloading the shipments. Rosera could refuse to haul a shipment for Graebel, subject to being placed at the bottom of the driver rotation. Also, subject to Graebel's written consent, Rosera could haul freight for one of Graebel's competitors.

Graebel ended its arrangement with Rosera in August, 1982, following complaints from several customers. Upon his release, Rosera filed for unemployment compensation benefits. Graebel opposed them, claiming that Rosera was an independent contractor, not an employee, and therefore was not entitled to benefits.

The commission is not bound by the parties' designation of Rosera as an independent contractor. The conditions for unemployment compensation are not subject to a private agreement but must be determined under the applicable statutory provisions. *See Roberts v. Chain Belt Co.,* 2 Wis. 2d 399, 403, 86 N.W.2d 406, 408 (1957). Under sec. 108.02(12)(a), (b), Stats., the commission must utilize a two-step analysis to determine whether an individual is an "employee." The first step is to decide whether an "individual . . . is or has been performing services . . . in an employment . . . ." An "employment" is any "service . . . performed . . . for pay." Section 108.02(15)(a), Stats. If the first step is satisfied, the burden shifts to the employer to establish that it is exempt from coverage by demonstrating both

that the employee is free from the employer's "control or direction . . . under his contract and in fact" and that his services were "performed in an independently established trade, business or profession in which [he was] customarily engaged." Section 108.02(12)(b)1, 2, Stats. Whether these conditions exist is a question of fact. *Transport Oil, Inc. v. Cummings,* 54 Wis. 2d 256, 267, 195 N.W.2d 649, 655 (1972).

Graebel does not dispute that Rosera was an employee under sec. 108.02(12)(a). Rather, it challenges the commission's findings that Graebel controlled and directed Rosera's work activities and that Rosera did not customarily engage in an independently established business or trade. These findings may not be overturned unless they are unsupported by credible and substantial evidence. Section 102.23(6), Stats. Credible and substantial evidence is defined as "relevant, credible, and probative evidence upon which reasonable persons could rely to reach a conclusion . . . ." *Princess House, Inc. v. DILHR,* 111 Wis. 2d 46, 54, 330 N.W.2d 169, 173 (1983). Our role is to review the record for credible and substantial evidence that supports the commission's determination rather than to weigh opposing evidence. *Vande Zande v. DILHR,* 70 Wis. 2d 1086, 1097, 236 N.W.2d 255, 260 (1975). Our scope of review is the same as the trial court's both as to the facts and the law, and we reach our decision without deference to that court's decision. *Shudarek v. LIRC,* 114 Wis. 2d 181, 186, 336 N.W.2d 702, 705 (Ct. App. 1983).

We need not decide whether Rosera was free from Graebel's control and direction because credible and substantial evidence supports the commission's finding that Rosera's services were not performed in an "inde-

pendently established trade, business or profession. . . ." Section 108.02(12)(b)2, Stats. Graebel therefore fails to meet the second of the two conditions of sec. 108.02(12)(b).

The purpose of the Unemployment Compensation Act is to protect those who, because of their employment, are dependent upon others for their livelihood. *Princess House,* 111 Wis. 2d at 69, 330 N.W.2d at 180. Consistent with this purpose, sec. 108.02(12)(b)2 is designed to exclude from coverage those who are unlikely to be dependent upon others, even though they may perform services for others, because they have their own separately established business. *Id.* at 69–70, 330 N.W.2d at 181. Willcox, *The Coverage of Unemployment Compensation Laws,* 8 Vand. L. Rev. 245, 264 (1955), further explains what is required by the (b)2 exclusion:

> The double requirement, that the worker's occupation be "independently established" and that he be "customarily" engaged in it, clearly calls for an enterprise created and existing separate and apart from the relationship with the particular employer, an enterprise that will survive the termination of that relationship.

A review of the facts, as found by the commission, convinces us that Rosera's business was dependent upon his relationship with Graebel. During Rosera's tenure with Graebel, he did not haul goods for any other business entities, nor did he hold himself out to the public as an independent shipper. Rosera did not even own a truck; he leased one and this lease was terminated upon his dismissal. As the commission points

out, it is irrelevant whether Rosera could have hauled goods for others; the fact is that he did not, and he therefore was not "customarily engaged" in "an independently established business or trade." To deny Rosera unemployment benefits would promote the very economic risks unemployment compensation seeks to prevent.

Moreover, Graebel fails to satisfy the (b)2 exception under the "proprietary interest" test, first approved by the supreme court in *Transport Oil*. To have a proprietary interest in a business, a person must have an interest of value in the business that he alone controls and is able to sell or give away. *Transport Oil*, 54 Wis. 2d at 266, 195 N.W.2d at 655. Rosera did not possess a business that he could give away, much less sell. Because Rosara leased the truck under a terminable at-will lease, he was unable to accrue any significant or valuable equitable interest in it. Furthermore, because of the terminable at-will provision, Rosera could not transfer nor assign his interest in the truck. Thus, it can hardly be said that Rosera *alone* controlled an interest of value in the business. *See Sears, Roebuck and Co. v. DILHR,* 90 Wis. 2d 736, 751, 280 N.W.2d 240, 246 (1979). This fact was made clear when the lease was terminated upon his dismissal.

*By the Court.*—Judgment reversed and cause remanded.