Edwin YESKA, Plaintiff-Respondent,

v.

State of Wisconsin, LABOR & INDUSTRY-
REVIEW COMMISSION, and State of
Wisconsin, Job Service Division-Unemployment
Compensation, Department of Industry, Labor
& Human Relations, Defendants-Appellants.

Court of Appeals

No. 88–1301. Submitted on briefs January 6, 1989.—Decided
February 23, 1989.

(Also reported in 440 N.W.2d 823.)

For the defendants-appellants the cause was submitted on the briefs of *Peter W. Zeeh,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Thomas W. Bertz* and *Anderson, Shannon, O'Brien, Rice & Bertz,* of Stevens Point.

Brief of amicus curiae was filed by *Lawrence G. Albrecht* on behalf of Legal Action of Wisconsin, Inc.

Before Dykman, Eich and Sundby, JJ.

DYKMAN, J. The Labor and Industry Review Commission (LIRC) appeals from a judgment reversing its decision assessing Edwin Yeska for unemployment compensation contributions. LIRC concluded that certain migrant laborers who worked for Yeska were employes for unemployment compensation purposes within the meaning of sec. 108.02(12), Stats.[1] The issue is whether this conclusion is reasonable. Because we conclude it is, we reverse.

In 1980 and 1981, Yeska raised cucumbers on approximately 150 acres of his own land. He hired migrant workers to pick the cucumber crop, guaranteeing them the greater of fifty percent of the value of the crop or the $3.35 an hour minimum wage. On October 6, 1982, an unemployment compensation auditor assessed Yeska $7,088.57 for additional unemployment compensation taxes because the migrant workers were

---

[1] Although this case was decided under sec. 108.02(3), Stats. 1981, this section was renumbered to sec. 108.02(12) by sec. 158, 1983 Wis. Act 189. There was no substantive change. For simplicity's sake, we use the current numbering.

his employes. Yeska appealed this assessment to the Department of Industry, Labor and Human Relations (DILHR). At the appeal hearing, the parties stipulated that the sole issue was whether the migrant workers in this case were Yeska's employes within the meaning of sec. 108.02(12), Stats.

After the hearing, DILHR concluded that the migrant workers were employes, and affirmed the auditor's original determination. Yeska appealed to LIRC, which adopted and affirmed DILHR's decision. Yeska then appealed to the circuit court, which reversed LIRC's decision. Other facts are stated below.

Our standard of review is the same as the circuit court's. *Calumet County v. LIRC,* 120 Wis. 2d 297, 300, 354 N.W.2d 216, 218 (Ct. App. 1984). The construction of a statute presents a question of law, and while we are not bound by LIRC's conclusion on a question of law, because LIRC is charged with applying the statutes in question, we will sustain its legal conclusion if reasonable. *Id.* Sections 108.09(7) and 108.10(4), Stats., provide that sec. 102.23, Stats., governs our review in this matter. A court may set aside LIRC's order only if LIRC acted without or in excess of its powers, the order was procured by fraud, or if LIRC's findings of fact do not support its order. Sec. 102.23(1)(e). A court may remand to LIRC if LIRC's order depends on any material and controverted finding of fact that is not supported by credible and substantial evidence. Sec. 102.23(6). However, a court shall not substitute its judgment for LIRC's on the weight or credibility of the evidence on any finding of fact. *Id.*

Yeska argues that the public policy declarations of the Unemployment Compensation Act do not apply to

366

migrant workers. However, the statute is remedial in nature and we must liberally construe it to cover "workers who are economically dependent upon others in respect to their wage-earning status." *Princess House, Inc. v. DILHR,* 111 Wis. 2d 46, 62, 330 N.W.2d 169, 177 (1983).

Section 108.02(12)(a), Stats., provides:

> "Employe" means any individual who is or has been performing services for an employing unit, in an employment, whether or not the individual is paid directly by such employing unit; except as provided in par. (b) or (e).

It is undisputed that the migrant workers performed services for pay for Yeska within the meaning of sec. 108.02(12)(a), Stats. We therefore consider whether the migrant workers fit within the exceptions listed in sec. 108.02(12)(b).

Section 108.02(12)(b), Stats., provides:

> Paragraph (a) shall not apply to an individual performing services for an employing unit if the employing unit satisfies the department as to both the following conditions:
>
> 1. That such individual has been and will continue to be free from the employing unit's control or direction over the performance of his services both under his contract and in fact; and
>
> 2. That such services have been performed in an independently established trade, business or profession in which the individual is customarily engaged.

■■■■■

Yeska claims that the migrants are independent contractors under these two tests. Section 108.02(12)(b), Stats., puts the burden on Yeska to demonstrate to LIRC's satisfaction that these two

conditions applied in this case. *See also Vocation. Tech. & Adult Ed. Dist. 13 v. ILHR Dept.,* 76 Wis. 2d 230, 246, 251 N.W.2d 41, 49 (1977) (burden on party seeking to avoid payment of benefits to show case not covered by unemployment compensation law). Although Yeska argues that an agency's determinations under these tests are conclusions of law, and thus subject to independent appellate review, the Wisconsin Supreme Court has concluded that these two tests are to be treated as factual questions, and that an agency's findings on these questions are conclusive if supported by credible evidence. *Sears, Roebuck & Co. v. ILHR Department,* 90 Wis. 2d 736, 744, 280 N.W.2d 240, 243 (1979). We are bound by supreme court precedent. *State v. Lossman,* 118 Wis. 2d 526, 533, 348 N.W.2d 159, 163 (1984).

LIRC concluded that Yeska failed to prove that the migrant workers fit within the exceptions listed in sec. 108.02(12)(b), Stats. As to the first condition, LIRC found that "Yeska retained the right to direct and control the details of the migrant workers services both under the contract and in fact." Credible evidence supports this finding. At the appeal hearing, Yeska testified that he contracted for the sale of the cucumber crop to a processing plant, fertilized the crop and transported the crop to a grading station. There was also testimony that Yeska had held at least one orientation session during which he told the workers what he expected, that he had the right to direct and control the details of the work the laborers performed, that he had the right to discharge workers for low productivity, that he told some migrant workers how many days a week and hours per day he wanted them to work, which rows he wished them to pick and when the

workers were to start work each day. Because credible evidence supports this finding, it is conclusive. Sec. 102.23(6), Stats.

Yeska must prevail on both tests. Sec. 108.02(12)(b), Stats. Since he failed on the first, we need not address whether he prevailed on the second test. *See Transport Oil, Inc. v. Cummings,* 54 Wis. 2d 256, 267, 195 N.W.2d 649, 655 (1972) (if worker is not exempted by either condition, worker is employe under statute). We conclude that LIRC's conclusion that Yeska failed to prove that the migrant workers were not employes within the meaning of sec. 108.02(12) is reasonable. We therefore reverse the circuit court's judgment.[2]

*By the Court.*—Judgment reversed.

[2]Yeska argues that appellants "make reference to a Court of Appeals decision which was not published" and that such a reference "runs dangerously close, if it does not in fact violate, sec. 809.23(3), Stats." Apparently, Yeska wants us to impose sanctions for this alleged violation. Section (Rule) 809.23(3) prohibits citation of unpublished opinions for precedent or authority except in limited circumstances inapplicable here. We disagree with Yeska. LIRC does not cite the case complained of. In its statement on publication, LIRC mentioned that an unpublished case on this issue existed, and that because of continuing disputes on the issues presented, publication was desirable. LIRC did not give a case name, case number or date. It did not suggest that the unpublished opinion was authority, or precedential. We conclude LIRC did not violate sec. (Rule) 809.23(3).