Labor Ready, Inc. and Lumbermen's Mutual Casualty Co., Plaintiffs-Appellants,

v.

Labor and Industry Review Commission and Carnett S. Powell, Defendants-Respondents.

Court of Appeals

No. 2004AP1440. *Submitted on briefs March 01, 2005. —Decided June 21, 2005.*

2005 WI App 153

(Also reported in 702 N.W.2d 27.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Richard E. Ceman, Jr.* of *Bascom, Budish & Ceman, S.C.* of Wauwatosa.

On behalf of the defendant-respondent *Labor and Industry Review Commission*, the cause was submitted on the brief of *Jerome S. Schmidt*, assistant attorney general and *Peggy A. Lautenschlager*; on behalf of the defendant-respondent *Carnett S. Powell*, the cause was submitted on the brief of *Patrick M. Cooper* of *Cooper Law Offices S.C.* of Milwaukee.

Before Fine, Curley and Kessler, JJ.

¶ 1. KESSLER, J.   This is an appeal by a temporary help agency, Labor Ready, Inc., and its insurance carrier, Lumbermen's Mutual Casualty Co. (collectively, "Labor Ready") from an order of the circuit court which affirmed the decision of the Labor and Industry Review Commission (the "Commission") holding that Carnett Powell ("Powell") was entitled to worker's compensation for an injury he sustained on January 28, 2002, while he was at the premises operated by Labor Ready awaiting a possible work assignment. Labor Ready argued, before the Commission and before the circuit court, that Powell was not an "employee" under the worker's compensation statute. Because we conclude that the Commission and the trial court correctly applied the law to the facts in this case, we affirm.

## BACKGROUND

¶ 2.   Labor Ready is a temporary help agency, which operates essentially as a hiring hall. The contract between Labor Ready and those seeking work assignments (titled "Application for Employment") requires that the persons seeking work physically present themselves each day at the Labor Ready facilities and remain there until they have a work assignment. According to the contract signed by Powell, Labor Ready does not

provide work assignments by phone, and does not guarantee an assignment simply because the person appears at Labor Ready's dispatch hall.[1]

¶ 3. Powell completed his Application for Employment on January 17, 2002. He received work assignments on the following Monday through Thursday, January 20 through 24. On the following Monday, January 28, he arrived at Labor Ready at about 5:15 a.m. and was approximately the seventh person in line waiting for the doors to open at 7:00 a.m. Another work seeker cut into the line, ahead of Powell and others. Powell told him he should wait in line like everyone else. Later, after Powell had signed in and was waiting for work, he went to the receptionist desk and asked for a coffee filter. At that time, without warning, the line jumper hit Powell on the right side of his head. Powell fell on his left shoulder, breaking it. At the time he was attacked, Powell had not received a work assignment for that day.

¶ 4. Powell filed for worker's compensation. Labor Ready denied the claim, asserting that Powell was not an "employee" as that term is used in Wisconsin statutes. The administrative law judge agreed with Labor Ready.

---

[1] The Application for Employment, signed by Powell over a line designated "Employee Signature" provides in pertinent part:

> Whenever I wish to register my availability to work, *I will visit the dispatch hall and sign in*. I know that *Labor Ready* is not required to find work for me and *is not required to contact me in any way* in order to make work available to me. *If I do not report to the dispatch hall and sign in, Labor Ready may assume that I am not available for work on that day.*

> I understand that after receiving a job assignment, I am free on my own time to leave the dispatch hall and do as I wish until the job assignment starts.

(Emphasis added.)

Powell appealed to the Commission, which determined that Powell was an employee for purposes of the worker's compensation law. Labor Ready appealed that determination to Milwaukee County Circuit Court. The trial court affirmed the Commission. This appeal followed.

## STANDARD OF REVIEW

¶ 5.   At issue is whether Powell was an employee acting in the scope of his employment at the time of his injury. This requires interpretation of Wisconsin's worker's compensation statutes. "Frequently, we defer to an administrative agency's interpretation of a statute, [if] the agency's experience, technical competence, and specialized knowledge aid the agency in its interpretation and application of the statute." *DOC v. Schwarz*, 2005 WI 34, 15, 279 Wis. 2d 223, 693 N.W.2d 703 (citation and internal quotation marks omitted). When reviewing an agency's statutory interpretation, this court generally applies one of three standards of review, with varying degrees of deference. *Id.*

> "First, if the administrative agency's experience, technical competence, and specialized knowledge aid the agency in its interpretation and application of the statute, the agency determination is entitled to "great weight." The second level of review provides that if the agency decision is "very nearly" one of first impression it is entitled to "due weight" or "great bearing." The lowest level of review, the *de novo* standard, is applied where it is clear from the lack of agency precedent that the case is one of first impression for the agency and the agency lacks special expertise and experience in determining that question presented."

*Id.* (citation omitted).

¶ 6. Labor Ready argues that the Commission's determination is entitled to no deference because this is a case of first impression. It asserts that, because Powell was not guaranteed a job on the day in question, and had not been assigned a job at the time of the injury, he was not Labor Ready's employee for purposes of worker's compensation. It further argues that the Commission improperly applied unemployment compensation standards to a worker's compensation statute. Thus, Labor Ready asks us to review the issue *de novo* and find in its favor.

¶ 7. In contrast, the Commission and Powell strenuously argue that the Commission's determination is entitled to great weight deference because the statute at issue, WIS. STAT. § 102.07(4)(a) (2001–02),[2] "has been applied in numerous contexts for over 90 years." The Commission also asserts that it has been determining questions concerning the existence of an actual employer-employee relationship since the passage of the Worker's Compensation Act in 1911.

¶ 8. We agree that the Commission's long experience interpreting questions concerning the existence of an employer-employee relationship supports the Commission's argument that we owe great deference to its decision. However, it is also clear from the record that the Commission itself viewed this as a case of first impression. It has not, apparently, previously determined whether operating a dispatch hall creates an employee status prior to the moment an individual is assigned to a task for which he or she will be paid. To arrive at a conclusion, the Commission had to interpret

---

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

existing Wisconsin statutes. The lack of experience with these facts, and the need to construe a statute, argues for our *de novo* review.

¶ 9.   We disagree with both parties that determination of the proper standard of review is crucial in this case, because whether we examine the issues in this case *de novo,* or with great deference, the result is the same:   we conclude that Powell is entitled to worker's compensation. Thus, for purposes of discussion, we will accept Labor Ready's invitation to examine the case without giving deference to the Commission's decision.

## DISCUSSION

¶ 10.   Labor Ready contends that Powell is not entitled to workers compensation because at the time of his injury, he was not an "employee" as that term is defined in Wis. Stat. § 102.07(4)(a). Labor Ready also implies, but does not substantially develop the argument, that Powell is ineligible because he has not satisfied the conditions for liability outlined in Wis. Stat. § 102.03. We examine each issue in turn.

### A. Powell was an "employee"

¶ 11.   Wisconsin Stat. § 102.07(4)(a) defines an "Employee" as "[e]very person in the service of another under any contract of hire, express or implied . . . ." The principal test for determining whether a Chapter 102 employer-employee relationship exists is whether the alleged employer had the right to control the details of the employee's work. *Kress Packing Co. v. Kottwitz,* 61 Wis. 2d 175, 182, 212 N.W.2d 97 (1973). In making this

determination, four secondary factors are considered: "(1) The direct evidence of the exercise of the right of control; (2) the method of payment of compensation; (3) the furnishing of equipment or tools for the performance of the work; and (4) the right to fire or terminate the relationship." *Id.* Applying this test, we conclude, as did the Commission, that Powell was an "employee" as that term is defined in § 102.07(4)(a).

¶ 12.   Before Labor Ready assigned Powell to any temporary work, it insisted that Powell complete its Application for Employment, and that he sign in at least two places designated as "Employee Signature." As we show below, this document describes the relationship between Powell and Labor Ready, but makes no reference to any obligations of the entities for whom, upon assignment by Labor Ready, Powell might ultimately perform work. Labor Ready is the employer, Powell is the employee, and Powell agrees to perform tasks for Labor Ready "customers." Powell must be at the Labor Ready dispatch hall in order to be assigned to work for a customer. Powell is paid by Labor Ready, not by the customer. In fact, Powell released the customers from liability should he be injured. Among other things, the Application for Employment stated:

> It is our policy to seek and employ the best qualified personnel . . . and to provide equal opportunity for the advancement of employees . . . .

> Whenever I wish to register . . . to work, I will visit the dispatch hall and sign in . . . . If I do not report to the dispatch hall and sign in, *Labor Ready* may assume that I am not available for work on that day.

> [A]s part of its regular employment policy . . . *Labor Ready* requires any employee who suffers a work-related injury or illness to be tested for the presence of drugs and/or alcohol.

514

> I acknowledge that I am a temporary employee of [Labor Ready] and am not an employee of [Labor Ready's] customer.
>
> If I am ever injured in the course of my work for [Labor Ready], I agree that I will look only to [Labor Ready's] Workers' Compensation coverage and not to [Labor Ready's] customer for any recovery . . . .
>
> In signing this Release, I understand that I am not waiving or releasing any claims which I may have against the Worker's Compensation coverage provided by [Labor Ready].

(Emphasis added.)

¶ 13. Labor Ready also provides the facility at which Powell and others *must* appear, and *must* wait, in order to be considered for assignment to a customer. The dispatch hall is for the convenience of Labor Ready; the dispatch hall allows Labor Ready to immediately determine the availability of a person to send on assignment and avoid the need to employ people to telephone potential workers. This additional aspect of control justifies application of worker's compensation protections to events that occur at the Labor Ready dispatch hall premises.

¶ 14. In addition, Powell was required to sign, as "Employee," a Safety Training Program Acknowledgement attesting to his completion of a Labor Ready safety program. He also completed an "Employee Withholding Allowance Certificate," known generally as a W-4, authorizing Labor Ready to make the indicated number of exemption allowances from his paycheck.

¶ 15. Against all of this documentation of Powell's status as its employee, Labor Ready relies on the following language it included in the Application for Employment to argue that Powell is not really an

employee until the moment when he receives an assignment for one of Labor Ready's customers, and that he ceases to be an employee each evening the moment he finishes the customer work assignment: "I understand that my employment with *Labor Ready* is on a day-to-day basis. That is, at the end of the work day, I will be deemed to have quit until I report to the dispatch hall and receive a work assignment at a later date."

¶ 16.   We conclude that Labor Ready cannot, by a provision in a contract it prepares, and which it requires workers to sign as a condition precedent to receiving any work assignment, remove itself from the obligations, and its workers from the protection available, under Wisconsin's statutory worker's compensation provisions. *See Graebel Moving & Storage of Wis. v. LIRC*, 131 Wis. 2d 353, 355, 389 N.W.2d 37 (Ct. App. 1986). In *Graebel*, this court held that the Commission is not bound by the parties' attempt to remove a worker from unemployment compensation coverage by a private agreement designating him as an "independent contractor." *Id.* We held:   "The conditions for unemployment compensation are not subject to a private agreement but must be determined under the applicable statutory provisions." *Id.* Although *Graebel* was concerned with unemployment compensation as opposed to worker's compensation, statutory provisions and public policy make the same reasoning applicable here to the Labor Ready contract.

¶ 17.   In summary, the contract and the conduct of the parties have sufficient relevant indicia of an employer-employee relationship. We conclude that for purposes of worker's compensation statutes, Powell was Labor Ready's employee at the time he was injured. *See* WIS. STAT. § 102.07(4)(a).

516

## B. The conditions of liability were satisfied

¶ 18.    Having established that Powell was an employee of Labor Ready, we turn to the statutory system of determining whether there is worker's compensation liability for the injury he sustained at Labor Ready's dispatch hall. The governing statute, WIS. STAT. § 102.03, provides in relevant part:

> **Conditions of liability. (1)** Liability under this chapter shall exist against an employer only where the following conditions concur:
>
> (a) Where the employee sustains an injury.
>
> (b) Where, at the time of the injury, both the employer and employee are subject to the provisions of this chapter.
>
> (c) 1. Where, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment.
>
> . . . .
>
> 4. The premises of the employer include the premises of any other person on whose premises the employee performs service.
>
> . . . .
>
> (e) Where the accident or disease causing injury arises out of the employee's employment . . . .

We conclude that the relevant conditions have been satisfied.

¶ 19.    It is not disputed that Powell sustained an injury on January 28, 2002, at Labor Ready's dispatch hall. It is not disputed that the injury occurred at Labor

Ready's place of business, nor is it disputed that Powell was required to be at that place of business if he wished to obtain a work assignment. It is also clear that after completing his Application for Employment with Labor Ready on January 17, 2002, Powell was promptly assigned work for a customer on January 20, and again daily through January 24. It is a certainty that he would receive *no* assignment if he did not present himself at Labor Ready's dispatch hall and remain there until assigned to perform service for a customer. Labor Ready is in the business of matching customer requests for workers with its pool of available workers.

¶ 20. Powell was, therefore, performing a service incidental to his employment. Specifically, he was, as the Commission concluded, "on the employer's premises at the employer's direction for an employment-related purpose, within a reasonable interval after his last work assignment." Based on these facts, Powell was "performing service growing out of and incidental to his or her employment," *see* WIS. STAT. § 102.03(1)(c), and had likewise satisfied the other conditions of liability identified in § 102.03. We agree with the Commission that "coverage for applicants who are injured while on the employer's premises for an employment-related purpose and pursuant to the employer's direction, even though the actual employment duties have been interrupted for a reasonable interval, is the law in Wisconsin." Thus, we conclude that Powell was entitled to worker's compensation.

*By the Court.*—Order affirmed.