IN RE the ESTATE OF OTT E. SCHWEITZER:

WISCONSIN DEPARTMENT OF REVENUE, Appellant,

v.

ESTATE OF OTT E. SCHWEITZER, Respondent.

Court of Appeals

*No. 2006AP984. Submitted on Briefs November 7, 2006.
—Decided December 6, 2007.*

2008 WI App 2

(Also reported in 744 N.W.2d 861.)

On behalf of the appellant, the cause was submitted on the briefs of *John R. Evans,* of *Wisconsin Department of Revenue,* Madison.

On behalf of the respondent, the cause was submitted on the brief of *John M. Wood* of *Nowlan & Mouat LLP,* Janesville.

A nonparty brief was filed by *Michael W. Wilcox* and *Robert E. Shumaker* of *DeWitt Ross & Stevens, S.C.,* Madison, for Chier Revocable Trust.

Before Higginbotham, P.J., Vergeront and Lundsten, JJ.

¶ 1. HIGGINBOTHAM, P.J. The Wisconsin Department of Revenue (DOR) appeals a circuit court order determining that DOR lacked statutory authority to include gifts made in contemplation of death in Ott E. Schweitzer's Estate for purposes of calculating the Wisconsin estate tax. Because we conclude that the relevant statutes plainly establish that the gross estate for purposes of calculating the Wisconsin estate tax is the taxable estate as determined under federal law, and do not authorize DOR to add gifts made in contemplation of death to the federal taxable estate when calculating the Wisconsin estate tax, we affirm.

## Background

¶ 2. The parties stipulated to the following facts. Ott E. Schweitzer died on November 4, 2003. His will was admitted into informal administration in probate court on December 19, 2003. Prior to his death, Schweitzer made gifts of $119,000 in January 2003 and $390,000 in September 2003. These gifts were properly reported to the Internal Revenue Service (IRS) on U.S. Gift Tax Return Form 709. For purposes of this appeal only, the personal representatives of Schweitzer's Estate (the Estate) concede that the gifts were made in contemplation of his death.

¶ 3. In August 2004, the Estate filed a U.S. Estate Tax Return Form 706 with the IRS, and a Wisconsin Estate Tax Return Form W706 with DOR. The state return was accompanied by a Schedule TC, which calculated the Estate's Wisconsin estate tax liability at $70,936. The Estate paid this amount to DOR. In a March 2005 letter, a DOR auditor informed the Estate that it had miscalculated its Wisconsin estate tax owed because it failed to add the 2003 gifts made in contemplation of death to the gross estate, as mandated, according to DOR, by WIS. STAT. § 72.01(6) (2005–06).[1] With the inclusion of these gifts in the gross estate, the DOR calculated the Estate's total Wisconsin estate tax liability was $109,431.00, and issued a certificate pursuant to WIS. STAT. § 72.30(3)[2] declaring that the Estate owed $45,177.98 in estate taxes and interest.

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted. We refer to the most recent version of the Wisconsin statutes because the relevant provisions in effect on the date of Mr. Schweitzer's death have remained unchanged. *See* 2001 WI Act 16 § 9444 (most recent change took effect October 1, 2002).

[2] WISCONSIN STAT. § 72.30(3) provides that DOR "shall issue

¶ 4. In May 2005, the Estate made a demand for formal proceedings before the circuit court pursuant to WIS. STAT. § 72.30(4)[3] challenging DOR's calculation of the Estate's Wisconsin estate tax liability. In June 2005, the Estate and DOR entered into a stipulation as to the relevant facts and requested that the circuit court decide whether the statutes authorized DOR to add the 2003 gifts made in contemplation of death to the decedent's gross estate for Wisconsin estate tax purposes.

¶ 5. The parties briefed the issue and a hearing was held before the court. The Rock County Circuit Court, Honorable John W. Roethe, issued a written decision concluding that DOR did not have the statutory authority to add gifts made in contemplation of death to the gross estate when determining the Wisconsin estate tax, and an order ending the formal proceedings. DOR appeals.

¶ 6. We granted a motion of a nonparty, Chier Revocable Trust, requesting permission to file a brief. Chier states that the issue presented in the instant case is identical to the issue presented in its pending litigation with DOR, *Russell R. Chier and Laura Chier Revocable Trust of 2001 v. DOR*, Green Lake County Circuit Court Case No. 06–CV-0056. Exhibits provided with Chier's motion show that its case challenges DOR's addition of certain gifts made in contemplation of death

a dated certificate showing the amount of [estate] tax and any interest" following an estate's "receipt of the return and payment of the tax."

[3] WISCONSIN STAT. § 72.30(4) provides in relevant part that "any person dissatisfied with the appraisal, assessment or determination of the tax due under this chapter may apply for a hearing before the circuit court within 6 months from the date the certificate in [§ 72.30(3)] is issued."

to the gross estate in DOR's determination of Chier's Wisconsin estate tax.

*Discussion*

¶ 7. The sole question presented on appeal is whether the statutes authorize DOR to add gifts made in contemplation of death to the gross estate when calculating an estate's Wisconsin estate tax liability. DOR contends that WIS. STAT. § 72.02, the section imposing an estate tax, when read with two definitional provisions, WIS. STAT. §§ 72.01(6) and (11m), authorizes DOR to add gifts made in contemplation of death to the gross estate for purposes of calculating the amount owed in Wisconsin estate tax. DOR also argues that its interpretation of Chapter 72 is entitled to great weight deference. The Estate contends that the statute does not authorize DOR to add such gifts to the gross estate when determining the estate tax, and that DOR's interpretation is not entitled to any deference. We address the standard of review first.

■

¶ 8. At issue is DOR's interpretation of certain provisions of Wisconsin's estate tax. Statutory interpretation is generally a question of law that we review de novo. *See Weston v. DWD*, 2007 WI App 167, ¶ 12, 304 Wis. 2d 418, 737 N.W.2d 74. However, we may defer to an agency's interpretation of a statute that the agency has been charged with administering. *Acuity Ins. Co. v. Whittingham*, 2007 WI App 210, ¶ 8, 305 Wis. 2d 613, 740 N.W.2d 154. "A reviewing court accords an interpretation of a statute by an administrative agency one of three levels of deference—great weight, due weight or no deference—based on the agency's expertise in the area of law at issue." *Stoughton Trailers, Inc. v. LIRC*, 2007 WI 105, ¶ 26, 303 Wis. 2d 514, 735 N.W.2d 477.

¶ 9. We will sometimes grant either great weight or due weight deference to an agency's interpretation of a statute depending upon the circumstances. *Id.*, ¶¶ 26–29. However, granting either level of deference presupposes that the agency's interpretation is at least reasonable. When applying great weight deference, we will uphold an agency's interpretation when that interpretation is reasonable even if a more reasonable interpretation is available. *Id.*, ¶ 55. When applying due weight deference, we will uphold an agency's interpretation if it is reasonable unless we determine there is a more reasonable interpretation. *Id.*, ¶ 28. Because we conclude that DOR's interpretation is unreasonable, we accord no deference to it.[4]

¶ 10. The parties dispute whether the statutes authorize DOR to add gifts in contemplation of death to the gross estate for purposes of computing the Wiscon-

---

[4] We note that DOR contends that it "has administered the key language of WIS. STAT. §§ 72.01 and 72.02 in an unchanged form since 1971." While the matter of whether the agency's interpretation is one of longstanding is ultimately not relevant to the outcome, we note that amicus Chier Revocable Trust disputes DOR's assertion that the department's position is based on an interpretation of the statute that dates back to 1971. Chier contends that DOR began adding gifts in contemplation of death to the gross estate for estate tax purposes in 2001 only after the latest major revision to the statute. The fact that, according to DOR, *five additional cases* apart from Chier's and the instant case challenging DOR's interpretation are pending in the circuit courts would appear to support Chier's contention that DOR's interpretation is a new development. The Estate also notes that DOR has never incorporated a line for gifts in contemplation of death onto its Schedule TC for calculating the Wisconsin estate tax, further indicating that DOR's interpretation is not one of long standing.

sin estate tax. We begin with the language of the relevant statutory provisions. Chapter 72 of the statutes is devoted to Wisconsin's estate tax. The language imposing the estate tax is contained in Wis. Stat. § 72.02, which provides as follows: "An estate tax is imposed upon the transfer of all property that is subject to a federal estate tax and that has a taxable situs in this state." Section 72.02 also sets forth the methodology for calculating the amount of estate taxes owed: "The tax imposed is equal to the federal credit against the federal estate tax as finally determined."[5]

¶ 11. The "federal credit" referred to in the above-cited provision is, for deaths occurring after September 30, 2002, and before January 1, 2008, "the federal estate tax credit allowed for state death taxes as computed under the federal estate tax law in effect on December 31, 2000." Wis. Stat. § 72.01(11m).[6] As used in Wis. Stat. § 72.02, "federal estate tax" means, for deaths

---

[5] WISCONSIN STAT. § 72.02 provides in full:

An estate tax is imposed upon the transfer of all property that is subject to a federal estate tax and that has a taxable situs in this state. The tax imposed is equal to the federal credit against the federal estate tax as finally determined. If only a portion of a decedent's property has a taxable situs in this state, the tax imposed is the amount obtained by multiplying the federal credit by a fraction the numerator of which is the value of the decedent's estate that has a taxable situs in this state and the denominator of which is the total value of the property in the estate that qualifies for the federal credit.

[6] WISCONSIN STAT. § 72.01(11m) provides in full:

"Federal credit" means, for deaths occurring after September 30, 2002, and before January 1, 2008, the federal estate tax credit allowed for state death taxes as computed under the federal estate tax law in effect on December 31, 2000, and for deaths occurring after December 31, 2007, the federal estate tax credit allowed for state death taxes as computed under the federal estate tax law in effect on the day of the decedent's death.

305

occurring after September 30, 2002, and before January 1, 2008, "the federal estate tax as computed under the federal estate tax law in effect on December 31, 2000."[7] Section 72.01(11n). "Death tax" is defined as "a tax imposed by a state, territory or district, because of a death or gift in contemplation of death, on property or a transfer of property, and includes estate, inheritance, succession, legacy and transfer taxes." Section 72.01(6).[8]

¶ 12. DOR contends that the plain language of WIS. STAT. §§ 72.01 and 72.02 authorizes it to add gifts in contemplation of death to the gross estate when computing the Wisconsin estate tax. It notes that § 72.02 provides that the tax imposed is "equal to the federal credit"; "federal credit" is defined in § 72.01(11m) as "the . . . credit allowed for state death taxes"; and "death tax" is defined in § 72.01(6) as "a tax imposed . . . because of

---

[7] WISCONSIN STAT. § 72.01(11n) provides in full:

"Federal estate tax" means, for deaths occurring after September 30, 2002, and before January 1, 2008, the federal estate tax as computed under the federal estate tax law in effect on December 31, 2000, and for deaths occurring after December 31, 2007, the federal estate tax as computed under the federal estate tax law in effect on the day of the decedent's death.

[8] We note that "death tax," as used in the state and federal statutes, is not a synonym for "estate tax," but rather refers to all taxes imposed because of death or in contemplation of death. We so note for the sake of clarity because, in the current political debate about the estate tax, many now use the two terms interchangeably. See Daniel W. Matthews, "A Fight to the Death: Slaying the Estate Tax Repeal Hydra," 28 WHITTIER L. REV. 663, 673 (2006) (explaining that politicians who seek repeal of the estate tax have named it the "death tax" because, "[a]s [pollster Frank] Luntz's polling shows, more people would oppose a 'death tax' than an estate tax, though the two terms are meant to be synonymous.").

death or gift in contemplation of death." Applying the statutory definitions of "federal credit" and "death tax" to § 72.02, DOR argues that the statute "includes gifts in contemplation of death because the federal credit is determined based upon a 'death tax' that includes such gifts." We conclude that DOR's interpretation is contrary to the plain language of Chapter 72.

■

¶ 13. WISCONSIN STAT. § 72.02, the section that expressly imposes the estate tax, includes no mention of gifts in contemplation of death. Rather, it imposes an estate tax "upon the transfer of all property that is subject to a federal estate tax." Section 72.02. Thus, the gross estate subject to Wisconsin estate taxes is the federal taxable estate. DOR's attempt to tack on gifts made in contemplation of death to the federal taxable estate, which serves as the gross estate for purposes of calculating the Wisconsin estate tax, is therefore contrary to the plain language of the statute, which taxes only property that is subject to a federal estate tax.[9]

¶ 14. WISCONSIN STAT. § 72.02 further establishes that the amount of state tax liability is equal to a credit

[9] Amicus Chier states that all adjusted taxable gifts, including those made in contemplation of death, are already included in the estate tax base under federal law, citing the Tax Reform Act of 1976, § 2001(a)(5), Pub. L. No. 94–455, and therefore are figured into the calculation of the federal credit for state death taxes upon which the Wisconsin estate tax is based. Chier argues that DOR's interpretation amounts to "double taxation" of gifts made in contemplation of death. Because DOR did not file a brief in reply to Chier's amicus brief, we do not know its response to this argument. The state of the federal law with regard to gifts in contemplation of death has not been fully developed in the briefs. But we need not venture into the federal law because, regardless of whether DOR's interpretation results in "double taxation," DOR's interpretation is unreasonable.

provided under federal law for state death taxes. The statute provides: "The tax imposed is equal to the federal credit against the federal estate tax as finally determined." *Id.* Under Wis. Stat. § 72.02(11m), the "federal credit" noted above is the "federal estate tax credit allowed for state death taxes" as computed under the federal estate tax law in effect on December 31, 2000. The amount of state estate tax is thus determined by the federal credit for state death taxes provided under federal law on December 31, 2000.[10] Because DOR's interpretation of Wis. Stat. §§ 72.01 and 72.02 would result in a total Wisconsin estate tax that is greater than the federal credit against the federal estate tax, and not "equal to the federal credit against the federal estate tax," it is contrary to the plain language of § 72.02. Stated differently, any construction of these statutes that results in a calculation of the Wisconsin

---

[10] The state death tax credit was eliminated in 2005 as a part of changes to the federal estate tax adopted in 2001. *See* Michael W. Wilcox, *Wisconsin's New Estate Tax,* Wis. Lawyer, Dec. 2001, at 12. But Wis. Stat. § 72.01(11m) provides that, for deaths occurring after December 31, 2007, the Wisconsin estate tax will be equal to the state death tax credit *in effect on the date of the decedent's death.* With the credit no longer in effect, what will happen to the Wisconsin estate tax on January 1, 2008? One commentator concludes that "Wisconsin, in effect, has repealed its estate tax commencing in 2008." Wilcox at 57. As of December 4, 2007, no proposal amending § 72.01(11m) to preserve the estate tax had been introduced in the Wisconsin legislature. A proposal amending § 72.01(11m) to make the repeal of the estate tax retroactive to December 31, 2006 has been introduced as 2007 AB 149, companion bill 2007 SB 60. The fiscal note to this proposal projects that the loss of the estate tax will result in a decline in state revenue of approximately $100 million annually. Fiscal Estimate, 2007 AB 149, Mar. 16, 2007.

estate tax that is not equal to the federal tax credit for state death taxes is inconsistent with the plain language of § 72.02.

¶ 15. Moreover, unlike DOR's interpretation, this plain language reading of WIS. STAT. § 72.02 is consistent with the express purpose of Chapter 72. Under WIS. STAT. § 72.005, the purpose of the chapter is "to obtain for Wisconsin the benefit of the maximum credit allowable upon the United States estate tax." The credit referred to in § 72.005 is the federal credit for state death taxes, and the section states that the purpose of Wisconsin estate tax law is to collect the full amount of that credit, and no more. DOR's effort to add gifts in contemplation of death to the federal taxable estate upon which the federal credit for state death taxes is calculated would result in Wisconsin obtaining a benefit that *exceeds* the "maximum credit allowable upon the United States estate tax."[11]

¶ 16. DOR's interpretation of WIS. STAT. § 72.02 ignores the context in which the term "death tax" appears. First, § 72.02 does not include the words "death tax." Second, "death tax" as used in the definition of "federal credit," a term that is included in § 72.02, refers to "the federal estate tax credit allowed for state death taxes" as computed under the federal estate tax

---

[11] Any exception to this purpose must be plainly set forth in the statutes. For example, WIS. STAT. § 40.08(1), provides that state pension and insurance benefits "shall be exempt from any tax levied by the state." While this section would. appear to conflict with Chapter 72's purpose of obtaining the maximum credit allowable upon the federal estate tax, DOR has long recognized that § 40.08(1) exempts state pension and insurance benefits from the estate tax. We note that the state benefit exemption has been incorporated into lines 3a and 9 of Schedule TC, the DOR form used to calculate the Wisconsin estate tax.

law in effect on December 31, 2000. WIS. STAT. § 72.01(11m). The state death tax credit is a creation of federal law, and § 72.01(11m) explicitly states that the state death tax credit is "computed under federal law." Therefore, the state law definition of "death tax," § 72.01(6), is irrelevant to both the meaning of the phrase "state death tax credit" as it is used in § 72.01(11m) and the calculation of the state death tax credit.

¶ 17. In addition, we reject DOR's argument that its interpretation saves WIS. STAT. § 72.01(6) from becoming surplusage. The definition of "death tax" in § 72.01(6) is clearly relevant to WIS. STAT. § 72.35, which relates to the interstate arbitration of disputes between states regarding taxes imposed upon transfer at death. We note that § 72.01(6) does not define "death tax" in a manner that limits its definition to Wisconsin, but refers to taxes imposed by "a state, territory or district." Section 72.01(6) ensures that *all* revenues from transfers at death collected by other "state[s], territory[ies] or district[s]" that, unlike Wisconsin, may impose inheritance taxes and/or gift taxes as well as estate taxes, are subject to the arbitration procedure under § 72.35. Thus, we see that the definition of "death taxes" has meaning in Chapter 72.

¶ 18. Finally, the statutory history of Chapter 72 leaves little doubt that the legislature did not intend for DOR to add gifts in contemplation of death to the federal taxable estate when calculating the Wisconsin estate tax. In 1988, Wisconsin began a five-year phase out of the inheritance tax and gift tax. Neal E. Schmidt, THE WISCONSIN ESTATE TAX HANDBOOK § 2.01 (2003); 1987 Wis. Acts 27 and 92. The inheritance and gift taxes were eliminated for all transfers by gift or death after December 31, 1991. Since 1992, Wisconsin has taxed

transfers of property at death under the estate tax, the calculation of which, as discussed, is pegged to the federal estate tax.

¶ 19. Prior to the elimination of the inheritance and gift taxes, Chapter 72 was divided into three primary subchapters, one relating to the inheritance tax, another to the estate tax, and a third to the gift tax. *See* ch. 72 (1989–90). Transfers made "in contemplation of death" were subject to taxation under the inheritance tax. WIS. STAT. § 72.12(4)(a) (1989–90). When the inheritance tax was repealed by 1987 Wis. Act 27 § 1495m, the legislature made no effort to rescue the tax on gifts in contemplation of death. DOR's effort to add such gifts now to the federal taxable estate for purposes of calculating the Wisconsin estate tax is, in essence, an effort to impose a tax that the Wisconsin Legislature expressly repealed many years ago.

¶ 20. In sum, because we conclude that the relevant statutes plainly establish that the gross estate for purposes of calculating the Wisconsin estate tax is the taxable estate as determined under federal law, and do not authorize DOR to add gifts made in contemplation of death to the federal taxable estate when calculating the Wisconsin estate tax, we affirm.

*By the Court.*—Order affirmed.